[Civ. No. 3470. Second Appellate District, Division One.—July 28,
1921.]

## J. DRYDEN DAVENPORT, Respondent, v. W. E. ALEX-ANDER, Appellant.

[1] FRAUDULENT CONVEYANCES—TRANSFER OF PERSONAL PROPERTY—
DELIVERY—CONTINUED CHANGE OF POSSESSION.—Under section 3440
of the Civil Code, a transfer of personal property is ineffectual
and void against creditors where it is not accompanied by an
immediate delivery and followed by an actual and continued
change of possession of the thing transferred.

[2] CONTRACT—TRANSACTION CONCERNING AUTOMOBILE — RIGHTS OF
PARTIES.—In this action of claim and delivery involving the
rights of the respective parties to an automobile, the defendant,
who had arranged with the purchaser to advance money on the
purchase price, under the agreement between him and such pur-
chaser, was entitled to the possession as against the plaintiff, to
whom the purchaser executed a bill of sale unknown to such de-
fendant.

[3] CLAIM AND DELIVERY—DEMAND—ESSENTIAL PREREQUISITE.—A de-
mand upon the defendant for possession is an essential prerequi-
site to the commencement of a claim and delivery action.

[4] ID.—RIGHT OF POSSESSION—ESSENTIAL FINDING.—A finding in an action of claim and delivery that at the time the demand for the possession was made the plaintiff had the right of possession is essential to a judgment in his favor.

APPEAL from a judgment of the Superior Court of Los Angeles County. J. P. Wood, Judge. Reversed.

The facts are stated in the opinion of the court.

H. G. Ames for Appellant.

Mark L. Herron and Channing Follette for Respondent.

JAMES, J.—This action was one of claim and delivery. The plaintiff was awarded judgment, from which defendant W. E. Alexander appeals.

The property involved was a certain automobile which at the time the action was instituted was in the possession of appellant. The machine had been purchased and used by one Barkow, who, at the time of the making of the purchase, was employed as a salesman by the corporation of which appellant was the president. In April, 1919, he desired to purchase an automobile different from the one which he was then using and made an arrangement with the appellant to advance necessary money with which to complete the desired purchase. A written agreement was executed by appellant and Barkow wherein it was set forth that appellant had advanced the sum of $720 on account of the purchase of the automobile and that, there being a balance of $800 due to the vendor of the machine, payable in monthly installments, appellant should advance the amount of such installments. In the agreement it was set forth that Barkow, as soon as the automobile had been fully paid for with appellant's money, would execute a chattel mortgage in favor of the appellant to secure the latter for the money advanced, or would deliver the automobile to the appellant to be held by him until the money was repaid. The agreement, among other things, recited: "It being understood and agreed between the parties hereto, that said first party is to have a lien on said automobile for the sums so advanced by him, until the same has been repaid to him by said second party, and that the same is to be evidenced either by a

chattel mortgage, or by a delivery of said automobile by said second party.'' It was further set forth that Barkow agreed that in the event he should leave his employment with the appellant, or should be discharged from such employment, appellant should be entitled to have the automobile delivered to him to be held until the money advanced on account of its purchase had been repaid, or, at the option of appellant, appellant should have the privilege of paying whatever balance there might be due to the vendor of the machine and then accept a note and chattel mortgage as security for the debt. Upon making the purchase of the machine in question Barkow turned in for credit the old machine which he had been using at an allowed sum of $400. Appellant advanced in the first instance $322.30 and further advanced various installments of $50 as they became due for the months commencing with May, 1919, up to the time when this controversy arose, which was at the end of that year. In November, 1919, Barkow, acting, as the evidence plainly shows, in bad faith toward appellant, attempted to transfer his interest in the machine to the plaintiff. It appears that he owed the plaintiff $900. He at first thought of giving plaintiff a chattel mortgage, but having learned that by the conditional sale contract under which the automobile was being purchased the title remained in the vendor, and that he could not legally mortgage the same, he executed a bill of sale in favor of plaintiff and attempted to deliver possession of the automobile thereunder. We may here call attention to the fact, assuming that Barkow had such an interest in the automobile as might be transferred by bill of sale, the attempted transfer was not accompanied by such a change of possession as is required under the provisions of section 3440 of the Civil Code. [1] Under that law a transfer of personal property is ineffectual and void against creditors where it is not ''accompanied by an immediate delivery, and followed by an actual and continued change of possession of the things transferred.'' There is not the smallest dispute made by the evidence but that Barkow, after the attempted transfer, continued to have the use of the automobile. He testified that he had the agreement with the plaintiff that he might use it as he needed it, whenever it was necessary in his work as a salesman; that he had used the car subsequent to the alleged transfer, and

that sometimes it was in plaintiff's garage and sometimes in his. Following close upon this alleged transaction with the plaintiff, and early in January, 1920, Barkow notified appellant that he would leave his employment with the latter. He had not informed appellant of his transaction with the plaintiff regarding the automobile and did not inform him of it when the question of the adjustment of that debt was taken up. At the time of what was apparently the last discussion on this subject, Barkow drove the automobile in question to appellant's place of business. Appellant there insisted upon Barkow's complying with the terms of the contract. Appellant took possession of the machine, claiming that right under the express terms of the agreement hereinbefore referred to, and continued to keep it until this action was brought by this plaintiff. The court found that appellant had "forcibly" taken possession of the machine. The only testimony that in anywise gives color to that finding is found in the statement of Barkow that appellant walked out to the machine and took hold of the spark-lever and broke or damaged it, saying, "I guess you won't drive it away now." Whether Barkow was in fact prevented from taking the machine away does not appear; he did not testify that the machine was injured so that it could not be driven away, or that appellant interfered in any other way to prevent him having the automobile removed. For aught that appears, Barkow, after the words last quoted were used, went away and left the machine in the possession of appellant. **[2]** Under the specific terms of the agreement made between appellant and Barkow appellant had the right to the possession of the machine immediately upon Barkow's voluntarily ceasing his employment with appellant, or upon his discharge by the latter. Appellant proceeded promptly to offer to the vendor the balance of the purchase price which amounted to less than $200. The vendor refused to receive it. By his answer filed in the case appellant made the offer to satisfy any claims on the part of the vendor. However, the vendor, after refusing to permit appellant to discharge the purchase price debt, accepted the money from the plaintiff and gave receipt therefor. Appellant performed every act essential to make effectual his lien upon the property after obtaining

possession of it, and we think that the judgment should have been in his favor. We have already called attention to the fact that no such transfer of possession of the property was made as is contemplated by section 3440 of the Civil Code. Appellant was the creditor of Barkow at the time of the alleged transfer to plaintiff and was one of the persons entitled to claim the benefit of the provisions of the section mentioned. Other reasons exist why the judgment appealed from cannot be sustained. [3] The demand for possession, which is an essential prerequisite to the commencement of a claim and delivery action, was made upon the keeper of a garage in which the automobile had been temporarily placed by appellant, and no demand was shown to have been made upon appellant. Furthermore, it was alleged in the complaint that demand was made on the 2d of January, 1920. The court determined, in the face of a denial as to any demand having been made, that prior to the commencement of the action plaintiff was entitled to the possession of the automobile, and that "prior to the commencement of the action" defendant took possession of the same, and that "before the commencement of the action" plaintiff demanded of the defendants possession of the property. [4] These findings are insufficient to support the judgment because it is not found that at the time the demand was made plaintiff had the right to possession of the automobile. It was stipulated that the sum of $670 was the correct amount of money which appellant had advanced and which had been used in making payments on the automobile. In addition to this it appeared that the appellant had advanced money for the purchase of the old machine which Barkow had used in making the trade for the second one. Barkow admitted this to be the fact but testified that he could not say how much money had been advanced by appellant on that account. It has been noted that the agreement between Barkow and appellant stated that the sum already advanced by appellant on account of the purchase of the second machine was $720. If this amount included advances made toward the purchase of the old machine, appellant was entitled to show that fact.

We have not been aided in a consideration of this appeal by either printed brief or oral argument from respondent.

Appellant, however, has made full presentation of points adverted to.

The judgment is reversed.

Shaw, J., concurred.