[Sac. No. 3300. In Bank.—February 25, 1922.]

JOHN N. BOLES, Respondent, v. L. C. STILES, Appellant.

[1] CLAIM AND DELIVERY — RIGHT TO IMMEDIATE POSSESSION ESSEN-
TIAL.—In order to sustain an action in claim and delivery a plain-
tiff must have the right to immediate and exclusive possession of
the property at the time of the commencement of the action.

[2] ID.—TITLE AND POSSESSION OF AUTOMOBILE—MOTOR VEHICLE ACT.
In an action to recover possession of an automobile or its value
in case delivery cannot be had, one who has by his own act and
agreement placed another in immediate and exclusive possession
of the automobile is not in a position to invoke the provision of
the state Motor Vehicle Act (Stats. 1919, p. 191), providing that
delivery shall not be deemed to have been made, nor title passed,
to a transferee until he has received a certificate of registration.

APPEAL from a judgment of the Superior Court of
Colusa County. H. D. Gregory, Judge. Affirmed.

The facts are stated in the opinion of the court.

Seth Millington, Jr., for Appellant.

Charles K. Atran for Respondent.

Leroy M. Edwards, Norman A. Bailie and Overton, Lyman
& Plumb, *Amici Curiae.*

WASTE, J.—Plaintiff brought this action against the de-
fendant to recover the possession of an automobile, or its
value in case delivery could not be had. Judgment was en-
tered in his favor and the defendant has appealed.

Plaintiff and defendant were engaged in business as part-
ners. By mutual agreement, evidenced by a writing to that
effect, the partnership was dissolved, and the parties divided
the partnership property between them. As part of the
division it was agreed that the plaintiff should take and
keep as his own an automobile which had been purchased
by the firm from a third party under a contract of condi-
tional sale. The agreement between the plaintiff and de-
fendant at the time of the dissolution of the partnership
was that the plaintiff should pay all of the unpaid install-
ments on the purchase price of the machine, and, in addi-

tion, pay the defendant $135 for his interest in the same. Upon such dissolution of the partnership and division of the property the plaintiff took possession of the machine as his own separate property and used it exclusively for more than six months for his own private purposes and in conducting his own private affairs. He continued the payment of the installments for its purchase. All this was with the knowledge and at the instance of the defendant.

A controversy having arisen between the parties as to the amount due from the plaintiff to the defendant by reason of the settlement of their partnership affairs, the defendant, finding the automobile unattended in front of the plaintiff's office, took possession of it and drove it to his own garage, where he kept it and refused to return it to the possession of the plaintiff, although the latter made repeated demands for its possession.

The foregoing facts appear from the testimony of the plaintiff. The defendant admitted there was a dissolution of the partnership and a division of certain articles of personal property between the parties. He claims, however, that it was not his understanding that the plaintiff should take into his exclusive possession the automobile and the other property until certain adjustments in the affairs of the firm had been finally made. The only effect of this testimony was to raise a conflict in the evidence, which was resolved by the trial court in favor of the plaintiff's contention. Its findings in that behalf are amply supported by the record and sufficiently support its conclusion that the plaintiff had such right to the exclusive possession of the automobile as to enable him to maintain the action for the recovery of the same. On this appeal the defendant apparently does not rely for a reversal as much upon the point that the findings of fact as to the transaction above referred to are not supported, as he does upon the contention that under certain provisions of the State Motor Vehicle Act (Stats. 1919, p. 191) there was no legal vesting of sole title to the automobile in dispute in the plaintiff by defendant, and, consequently, the plaintiff is not in position to maintain this action. The appellant relies upon that portion of section 8 of the act, which relates to the transfer and registration of ownership of any registered motor vehicle, the express provision reading: "Upon such registration the department shall

issue and forward to the applicant without further charge than as provided in section seven of this act, a new registration certificate in the manner and form as hereinabove provided for original registration. Until said transferee has received said certificate of registration and has written his name upon the face thereof in the blank space provided for said purpose by the department, delivery of said motor vehicle shall be deemed not to have been made, and title thereto shall be deemed not to have passed and said intended transfer shall be deemed to be incomplete and not to be valid or effective for any purpose."

It appears at the time of its purchase the automobile was registered in the partnership name. No change in the registration was attempted. Assuming, but not now deciding, that the above provision has the effect appellant seeks to give it, and that whatever title the defendant may have had in the automobile has not passed to the plaintiff, we are of the opinion that the defendant is not in position to raise that question in this action. [1] It has long been the settled rule in this state, as in other jurisdictions, that in order to sustain an action in claim and delivery a plaintiff must have the right to immediate and exclusive possession of the property at the time of the commencement of the action (*People's Sav. Bank* v. *Jones,* 114 Cal. 422, 426 [46 Pac. 278]), and one who has the right to the use of property at will may replevy it. (*Garcia* v. *Gunn,* 119 Cal. 315, 322 [51 Pac. 684]; *Tandler* v. *Saunders,* 56 Mich. 142 [22 N. W. 271].) One who is the owner of or has some special property in a chattel, coupled with a right to the immediate possession thereof, may maintain the action. (*Fredericks* v. *Tracy,* 98 Cal. 658, 660 [33 Pac. 750].) [2] The appellant by his own act and agreement having placed the plaintiff in the immediate and exclusive possession of the automobile is not in position to invoke the provision of the statute referred to.

The judgment is affirmed.

Richards, J., *pro tem.,* Shurtleff, J., Sloane, J., Wilbur, J., Lawlor, J., and Shaw, C. J., concurred.