[Civ. No. 3932. Second Appellate District, Division One.—February 21, 1923.]

## G. L. CRANDALL et al., Respondents, v. W. A. SHAY, as Sheriff, etc., Appellant.

[1] MOTOR VEHICLE ACT—SALE OF AUTOMOBILE—ATTACHMENT PRIOR TO CHANGE OF REGISTRATION—PRIORITY OF LIEN.—Under section 8 of the Motor Vehicle Act, as it was in force in May, 1921, which contained specific provision as to acts required to be done by vendor and vendee in the making of the transfer of registration of a motor vehicle upon sale thereof, where an automobile was attached after a sale thereof by its registered owner but before the registration was changed in the motor vehicle department, the levy created a lien which was superior to any interest acquired by the purchaser.

APPEAL from a judgment of the Superior Court of San Bernardino County. Rex B. Goodcell, Judge. Reversed.

The facts are stated in the opinion of the court.

G. C. De Garmo and H. B. Cornell for Appellant.

Lester G. King for Respondents.

JAMES, J.—This action was brought by the plaintiffs to recover possession of an automobile, or its value, which latter was alleged to be the sum of eight hundred dollars. The judgment which was entered required the defendant to deliver to the plaintiffs the automobile described in the

complaint, and awarded recovery of certain money as damages for detention, also costs. Defendant has appealed from the judgment.

On the twelfth day of May, 1921, defendant, as sheriff, under writ theretofore duly issued, attached the automobile as the property of Abraham Marks. Prior to April 27, 1921, the automobile had been registered with the state vehicle department in the name of the said Marks, who was represented in the certificate of registration as being the legal owner thereof. On said last-mentioned date Marks caused a transfer of registration to be made to show ownership in his wife, Tillie Marks, and the vehicle remained so registered up to and including the time when the attachment was levied by the defendant sheriff at the instance of creditors of Abraham Marks. On May 11, 1921, there was filed with the state automobile department a request by Tillie Marks that registration be transferred from her name to that of plaintiff Fortier. Agreeable to this last request for transfer, the state vehicle department issued to Fortier under date of May 13, 1921, a certificate of registration covering the automobile in question. We observe, then, that at the time the attachment was levied, the registration in the state vehicle department had not been changed from that which showed Tillie Marks, the wife of Abraham Marks, to be the owner of the automobile. It was the claim of the plaintiff Crandall, as evidenced by testimony offered and received, that on April 27th he agreed with Mrs. Marks to accept the automobile in lieu of the payment of eight hundred dollars on the purchase price of a lot; that she added one hundred dollars, making the initial payment the sum of nine hundred dollars; that he then arranged to sell the machine to plaintiff Fortier on a lease contract and delivered to the latter possession of the machine. It was the trial court's view, as evidenced by its findings, that plaintiff Crandall acquired title to the machine by virtue of the sale to him by Tillie Marks, and that Fortier was entitled to have his possession undisturbed by reason of his contract with Crandall.

[1] Defendant sheriff cites provisions of the State Vehicle Act as supporting his contention that no title had passed from Tillie Marks up to the time the attachment was levied, and argues that as Tillie Marks is not asserting

claim of ownership in the machine, defendant had the right to hold it and sell whatever interest Abraham Marks might be shown to have in it. In investigating the question presented, we have not been aided by either oral argument or briefs from counsel for respondents. Section 8 of the Motor Vehicle Act, as it was in force at the time material to this action (Deering's Supplement, Codes and General Laws, 1919, Act 2331b), contained specific provision as to acts required to be done by vendor and vendee in the making of the transfer of registration of a motor vehicle upon sale thereof. The law provides that, after receiving a certificate with the proper indorsements made thereon, the motor vehicle department shall issue a new certificate of registration to the transferee. The following provision then occurs: "Until said transferee has received said certificate of registration and has written his name upon the face thereof in the blank provided for said purpose by the department, delivery of said motor vehicle shall be deemed not to have been made and title thereto shall be deemed not to have passed and said intended transfer shall be deemed to be incomplete and not to be valid or effective for any purpose." Giving effect to this provision according to the import of the language used, we must conclude that appellant is correct in his position and that at the time the attachment was levied it created a lien which was superior to any interest acquired by plaintiffs in the vehicle. As to whether the transfer from Abraham Marks to his wife was *bona fide* and effectual to vest title in her, free from the claims of creditors, is not involved. It is to be remarked, however, that no evidence was offered tending in anywise to show that money with which the original purchase of the automobile was made by the Markses was other than community funds and, if the latter, of course the property would be subject to claims of the husband's creditors.

Appellant's counsel has cited *Boles* v. *Stiles*, 35 Cal. App. Dec. 721, which fully supports his argument. It should be noted, however, that a rehearing was granted by the supreme court in that case and that in the decision on rehearing (188 Cal. 304 [204 Pac. 848]) the effect of the motor vehicle statute on the question of when title passed where a sale was intended to be made was not the pivotal point upon which the decision was made to turn.

In our opinion the trial judge was in error in holding that there had been a valid transfer of title to plaintiff Crandall prior to the time defendant sheriff made his levy under the writ of attachment.

The judgment is reversed.

Conrey, P. J., and Houser, J., concurred.