[Civ. No. 3094.   Third Appellate District.—June 1, 1926.]

## MERVYN R. DOWD, Appellant, v. GEORGE' RUSSELL, Respondent.

[1] CLAIM AND DELIVERY—TITLE—EVIDENCE.—In an action in claim and delivery to recover possession of an automobile, the plaintiff must recover, if at all, on the strength of his own title; and in this action the evidence was insufficient to support a judgment in favor of plaintiff.

[2] SALES—TRANSFER AS SECURITY—ABSENCE OF DELIVERY—SUBSEQUENT PURCHASERS.—Where there is no delivery or change of possession, an agreement to transfer an automobile as security for a prior indebtedness, even if given the effect of a bill of sale, is void as against subsequent purchasers.

[3] ID.—PAPER TITLE TO AUTOMOBILE—KNOWLEDGE OF PRIOR SALE.—One who acquires a paper title from the record owner of an automobile, with knowledge that said record owner has theretofore sold and delivered the automobile to another, acquires no title to said automobile.

[4] ID. — PAPER TRANSFER OF AUTOMOBILE — DEAD CERTIFICATE OF REGISTRATION—DUTY TO MAKE INQUIRY.—Where the paper transfer of an automobile is based upon an alleged lost certificate of registration which has been dead for three years, and there is neither consideration for such transfer nor delivery of the automobile, the transferee is put upon inquiry to ascertain the title to the automobile, and he is in no better position to assert title thereto than was his transferor.

[5] ID.—SALE AND DELIVERY OF AUTOMOBILE—DUTY TO MAKE STATEMENT IN CERTIFICATE.—When said transferor sold and delivered said automobile to another, it was her duty to join with him "in a statement of said transfer indorsed upon the reverse, side of the certificate of registration of said motor vehicle" for the purpose of filing the same with the Motor Vehicle Department (Stats. 1919, p. 200), and after such sale and delivery and while said transferor had received and was retaining the full selling price therefor,. she could not recover the automobile upon the ground that she had failed to make the statement required of her by law.

---

(1) 34 Cyc., p. 1385, n. 51, p. 1507, n. 59.   (2) 27 C. J., p. 577, n. 57.   (3) 28 Cyc., p. 44, n. 77.   (4) 28 Cyc., p. 44, n. 80 New. (5) 28 Cyc., p. 44, n. 80 New.

1.  See 5 Cal. Jur. 160.
2.  See 12 Cal. Jur. 992.

APPEAL from a judgment of the Superior Court of Sacramento County. John F. Pullen, Judge. Affirmed.

The facts are stated in the opinion of the court.

Dowd & Reagh for Appellant.

William S. Howe, J. S. Daly and Donald McKisick for Respondent.

FINCH, P. J.—The plaintiff brought this action in claim and delivery to recover an automobile in defendant's possession and alleged in the complaint to belong to the plaintiff. The defendant answered, denying that the plaintiff was the owner of the automobile and alleging that the defendant was the owner thereof. Judgment was entered in favor of the defendant and the plaintiff has appealed. The facts are undisputed.

The plaintiff is an attorney at law and for several years prior to August 15, 1923, he had been attorney for R. L. Breck and the latter was indebted to the plaintiff in the sum of $155 for professional services. About the middle of August, 1923, Breck purchased the automobile involved herein from Josephine Lindeberg, the owner thereof. August 25, 1923, "Breck agreed to transfer the automobile to the plaintiff Dowd to secure the indebtedness of $155." No transfer of the machine to Dowd was ever executed by Breck. Breck "drove the said automobile to Truckee where he used it as a stage between Truckee and Reno from August until December, 1923, without obtaining a new license to operate the machine." December 11, 1923, Breck sold and delivered the automobile to J. H. Batcher and Eugene W. Hunt and gave them a bill of sale thereof. January 27, 1925, Batcher and Hunt sold and delivered the automobile to John Dickson. February 9, 1925, Dickson "for a good and valuable consideration sold and delivered said automobile to the defendant George Russell. Mr. Russell made no investigation of the condition of the title other than to ask J. S. Daly, who is and was attorney for Dickson if the title was all right, and Mr. Daly informed him that it was. Mr. Russell took a bill of sale from Mr. Dickson covering the

purchase, but made no effort to secure a transfer thereof in accordance with the terms of the Motor Vehicle Act. Although appellant Dowd secured a promise from Breck in August, 1923, that Breck would cause said automobile to be transferred to Dowd, the car never did come into Dowd's possession until after the commencement of this action. Plaintiff did not ascertain that Josephine Lindeberg was the original owner of the car until October 19, 1924, but on ascertaining this fact, . . . plaintiff Dowd secured a transfer of said automobile to him from Josephine Lindeberg, not on the original certificate, but upon an affidavit that the original was lost, and on the 24th day of December, 1924, filed this transfer in the office of the Motor Vehicle Department." It does not appear whether or not the original certificate was in fact lost. March 6, 1925, "at Dowd's request, his client Breck made an affidavit that the said automobile had not been operated since 1921." Dowd believed that this affidavit stated the truth. "Upon the strength of the affidavit made by Breck, Dowd obtained a registration certificate from the Motor Vehicle Department on the sixth day of March, 1925. This certificate, however, was not signed by Dowd until the date of the trial on or about the 29th day of April, 1925." "Plaintiff at no time paid any money whatsoever for the obtaining of certificate or bill of sale from Josephine Lindeberg. It does not appear that the automobile was operated after the transfer from Breck to Batcher and Hunt on the 11th day of December, 1923, and it does not appear that any certificate of registration was issued by the Motor Vehicle Department to any person after the year 1921 until March of 1925."

[1] It is clear that the evidence is insufficient to support a judgment in favor of the plaintiff. He must recover, if at all, on the strength of his own title. Breck did not even attempt to transfer title to the plaintiff. [2] If Breck's promise to transfer the automobile to plaintiff be given the effect of a bill of sale, the attempted transfer would be void as against subsequent purchasers, because there was no delivery or change of possession. (Civ. Code, sec. 3440; *Davenport* v. *Alexander*, 53 Cal. App. 688, 690 [200 Pac. 771]; *Babson* v. *Salisbury*, 46 Cal. App. 521, 523 [189 Pac. 702].) [3] Plaintiff acquired no title from Josephine Lindeberg because she had none to convey. He

is in no sense an innocent purchaser from her. At the time he attempted to acquire a paper title from her he knew that she had sold and delivered the automobile to Breck, because more than a year prior to that time Breck had promised to transfer it to the plaintiff as security. [4] Independent of plaintiff's actual knowledge of such sale, the circumstances surrounding his transaction with Josephine Lindeberg were such as to put him upon inquiry. The paper transfer was based upon an alleged lost certificate of registration which had been dead for three years (Stats. 1919, p. 198), and there was neither consideration for such transfer nor delivery of the automobile. Plaintiff is in no better position than Josephine Lindeberg would be if she were suing to recover the machine. [5] When she sold the automobile to Breck it became her duty to join with him "in a statement of said transfer indorsed upon the reverse side of the certificate of registration of said motor vehicle" for the purpose of filing the same with the motor vehicle department. (Stats. 1919, p. 200.) After she had sold and delivered the automobile to Breck and had received and was retaining the full selling price thereof, she could not recover the machine upon the ground that she failed to make the statement required of her by the law. (*Boles* v. *Stiles,* 188 Cal. 304, 306 [204 Pac. 848].) Since plaintiff received the attempted transfer from Josephine Lindeberg with the knowledge of the prior sale made by her and under the circumstances stated, there is no merit in his claim of ownership.

The judgment is affirmed.

Hart, J., and Plummer, J., concurred.

A petition by appellant to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on July 30, 1926.