[Civ. No. 5299.  Second Appellate District, Division One.—November 19, 1928.]

H. G. PENDELL, Respondent v. CHARLES R. THOMAS, Appellant.

34

Henry O. Wackerbarth for Appellant.

William Ellis Lady for Respondent.

CRAIL, J., *pro tem.*—This is an action in conversion for the value of a Ford truck. █ The plaintiff alleged that he was the owner and entitled to the possession of the truck, and it developed at the trial that the plaintiff had fully paid for it and had it rightfully in his exclusive possession at the time it was taken on attachment by the defendant. The plaintiff had received a bill of sale for the property and had also received the legal owner's certificate from the former owner, duly indorsed. Everything was done in order to transfer the title which should have been done, except a compliance with section 45 of the "California Vehicle Act" of 1923, and subdivision (e) thereof provides that:

"Until said division shall have issued said new certificate of registration and certificate of ownership as hereinbefore in subdivision (d) provided, delivery of such vehicle shall be deemed not to have been made and title thereto shall be deemed not to have passed and said intended transfer shall be deemed to be incomplete and not to be valid or effective for any purpose." (Stats. 1923, p. 525.)

It is the contention of appellant that plaintiff's title was not such as would enable him to bring an action in conversion.

It will be observed that the plaintiff not only had possession of the property, but that he had a right to its possession; also that he was the equitable owner of it. To enable one to recover for the conversion of personal property it is not necessary to have legal title. A person in the actual and rightful possession is entitled to maintain such an

action, even though upon a transfer to him there was a failure to comply with section 45 of the Motor Vehicle Act. (*Moody* v. *Goodwin,* 53 Cal. App. 693 [200 Pac. 733].)

By way of analogy, we refer to the following cases: *Goodman* v. *Anglo-California Trust Co.,* 62 Cal. App. 702 [217 Pac. 1078]; *Sidney* v. *Wilson,* 67 Cal. App. 282 [227 Pac. 672]; *Boles* v. *Stiles,* 188 Cal. 304 [204 Pac. 848]; *Davis* v. *Cline,* 184 Cal. 548 [195 Pac. 42]; all of which had to do with the failure to have the automobile registered upon a sale in accordance with said act. The fact that the plaintiff was the equitable owner of the car, coupled with his physical possession thereof at the time it was taken from his custody by defendant, is a sufficient compliance with the rule requiring not merely possession, but a right to possession, in order to maintain the action. (*Sidney* v. *Wilson,* 67 Cal. App. 282 [227 Pac. 672].)

Judgment affirmed.

Houser, Acting P. J., and York, J., concurred.