[Civ. No. 6859. First Appellate District, Division Two.—September 21, 1929.]

MARYLAND CASUALTY COMPANY (a Corporation), Appellant, v. ELEANORE HOLLMAN et al., Respondents.

John Ralph Wilson and Carl E. Day for Appellant.

R. P. Wisecarver and Redman, Alexander & Bacon for Respondents.

KOFORD, P. J.—Plaintiff first obtained a money judgment against John E. Hamilton and others. An execution upon said judgment was issued against the property of said Hamilton and levied upon an automobile which was registered in Hamilton's name. Defendant Eleanore Hollman, who is now Hamilton's wife, filed a third-party claim with the sheriff and a bond under the provisions of Code of Civil Procedure, sections 710 and 710½. The sheriff released and delivered the car to her. Plaintiff then brought this action against the sheriff, joining Mrs. Hollman and the Aetna Casualty & Surety Company, the surety on the bond. Judgment was for the defendants. Plaintiff's motion to vacate the judgment and for a judgment in its favor upon the findings was denied. Plaintiff appeals upon the judgment-roll alone, claiming to be entitled to judgment upon the findings.

The findings so far as necessary to a consideration of the points on appeal are as follows:

"That at the time of the levy of said execution on said automobile the said automobile was in the actual possession and custody of defendant Eleanore Hollman. That at said time the said automobile was registered with the state of California in the name of John E. Hamilton, and the name of the legal owner registered with the state of California was H. O. Harrison Co. That the said John E. Hamilton had no right, title or interest of any kind whatsoever in said automobile. That the said car had been purchased from the said H. O. Harrison Co. by the said Eleanore Hollman on March 8, 1924. That on said date said John E. Hamilton was acting as the business agent of said Eleanore Hollman. That on said date said Hamilton purchased said Cadillac automobile from said H. O. Harrison Co. for said Eleanore Hollman; that said Hamilton used the funds and moneys and property of said Eleanore Hollman to so purchase said Cadillac automobile. That said John E. Hamilton signed the contract of conditional purchase with the H. O. Harrison Co. for said Cadillac car but said signature to and execution of said document was for and on behalf of and as agent of Eleanore Hollman, and said John E. Hamilton did, without right and without authority, register said car with the state of California in his own name as registered owner. That subsequently to March 8, 1924, said Eleanore Hollman did pay each and every of the monthly payments due under the conditional contract of sale to the said H. O. Harrison Co. and said John E. Hamilton paid none of them. That said Cadillac automobile was, subsequently to March 8, 1924, and to and including the 10th day of November, 1924, and at the time of the said levy of execution, in the possession of and was owned by Eleanore Hollman; that she in good faith believed that the said Cadillac automobile was registered in her name as owner, and she was in fact the actual owner of said automobile on said November 10, 1924, and said John E. Hamilton had no right, title or interest of any kind in or to said automobile on said date, save and except only that it was improperly registered with the State of California in his name as registered owner."

"That the levy of the execution of said automobile on said date was the first actual notice to Eleanore Hollman that the said Cadillac car was not registered in her name

and that on November 12, 1924, the registry of said car was transferred to her name and upon November 19, 1924, said Eleanore Hollman did reclaim said Cadillac automobile from Thomas F. Finn, Sheriff of the City and County of San Francisco, and did give to said Sheriff a bond . . . ''

Appellant contends that because the automobile was not registered in the name of Mrs. Hollman, as required by section 45 of the Motor Vehicle Act (Stats. 1923, p. 517, at 524; Stats. 1925, p. 398, sec. 7), she had no title and hence appellant should have prevailed in this action. The section referred to requires the parties to a transfer of a motor vehicle to report such transfer to the division of motor vehicles, and subdivision e of the section reads:

"Until said division shall have issued said new certificate of registration and certificate of ownership as hereinbefore in subdivision (d) provided, delivery of such vehicle shall be deemed not to have been made and title thereto shall be deemed not to have passed and said intended transfer shall be deemed to be incomplete and not to be valid or effective for any purpose."

Appellant relies upon the following authorities: *General Motors Acceptance Corp.* v. *Dallas,* 198 Cal. 365 [245 Pac. 184], *Parke* v. *Franciscus,* 194 Cal. 284 [228 Pac. 435], and *Crandall* v. *Shay,* 61 Cal. App. 56 [214 Pac. 450]. The first case cited deals with section 8 of the Motor Vehicle Act of 1919 (Stats. 1919, p. 199). It holds that the plaintiff, who had purchased a motor vehicle from the registered legal owner, Modesto Motor Company (subject to conditional sale contract with a motorist in possession), but who had not caused the registration to be changed to its name, could not maintain an action in conversion against the sheriff for having attached the vehicle as for the debt of the Modesto Motor Company. The plaintiff was the equitable owner, but not the registered owner. The decision emphasizes the fact that the plaintiff was not in possession. The second case above listed holds that under section 8 of the Motor Vehicle Act of 1919, a purchaser and transferee who has neglected to register is estopped from maintaining a possessory action against a subsequent purchaser who has purchased for value and in good faith from the registered owner. The third case, which, appellant asserts, is direct authority for its position here, holds that a purchaser of an

automobile who has not yet had the transfer registered in his name may not maintain an action for possession and for damages for detention against a sheriff for seizing under a writ of attachment issued against the property of the seller who was in possession and still the registered owner at the time of the attachment. The purchaser in that case was not in possession, however, as was Mrs. Hollman in this case.

Respondents contend that the foregoing cases are distinguishable from the instant case in that they are either based upon estoppel or hold that the equitable owner who is not in possession cannot maintain an action for possession or conversion if he has neglected to make himself also the registered owner by complying with section 45 of the Motor Vehicle Act. In other words, an equitable owner must either have actual possession or be registered. This may not be the true and only distinction between the several cases cited herein, but it at least reconciles them with others cited by respondent, particularly *Pendell* v. *Thomas*, 95 Cal. App. 33· [272 Pac. 306]. There it was held that plaintiff, who was the purchaser, equitable owner, and in possession of an automobile, could maintain an action in conversion against a defendant who took it from his possession under a writ of attachment issued against the property of the one who still remained the bare registered owner and not in possession. We quote from the decision: "It will be observed that the plaintiff not only had possession of the property, but that he had a right to its possession; also that he was the equitable owner of it. To enable one to recover for the conversion of personal property it is not necessary to have legal title. A person in the actual and rightful possession is entitled to maintain such an action, even though upon a transfer to him there was a failure to comply with section 45 of the Motor Vehicle Act. (*Moody* v. *Goodwin*, 53 Cal. App. 693 [200 Pac. 733].) "

It is not contended by appellant that the findings in the instant case contain any facts which would operate as an estoppel. The facts as found by the court show that Mrs. Hollman, the third-party claimant, was both the equitable owner and in actual possession at the time of the seizure by the sheriff and that she was unaware that her husband had not registered the automobile in her name. For these reasons she could have maintained an action for conversion

under the authority of *Pendell* v. *Thomas, supra,* notwithstanding she was not the registered owner.

Appellant contends this point is immaterial because Mrs. Hollman, by her third-party claim and bond, claimed *ownership* of the automobile levied upon by the defendant sheriff; that she is not the *owner* because not registered and that plaintiff should, therefore, have judgment against the sheriff and upon the bond which Mrs. Hollman gave the sheriff. The bond given the sheriff by Mrs. Hollman was given pursuant to Code of Civil Procedure, sections 710 (appearing second in Deering's Code of Civil Procedure) and 710½. The said section 710 reads as follows:

"Where property levied upon under execution to satisfy a judgment for the payment of money is claimed, in whole or in part, by a person, corporation, partnership or association, other than the judgment debtor, such claimant may give an undertaking as herein provided, which undertaking shall release the property in the undertaking described from the lien and levy of such execution."

Section 710½ requires that, "Such undertaking, . . . shall be executed by the person, . . . claiming in whole or in part, the property upon which execution is levied . . . ; . . . and said undertaking shall be conditioned that if the property claimed by the person, is finally adjudged to be the property of the judgment debtor, said person, . . . will pay of said judgment upon which execution has issued a sum equal to the value, as estimated in said undertaking, of said property claimed . . . "

The bond given was executed by Mrs. Hollman as principal, and respondent The Aetna Casualty & Surety Co. It ran to the sheriff and in terms indemnified him against all damages which he might suffer in consequence of the release of the property and guaranteed that Mrs. Hollman would pay the judgment upon which the execution was issued if the automobile be finally adjudged to be the property of the judgment debtor, Hamilton.

We cannot see that the wording of these sections and of the bond make the instant action essentially different from an action in conversion, even conceding that the action is properly brought against the claimant and her surety in addition to the sheriff. The complaint alleged the judgment and the levy upon the automobile " . . . which prop-

erty was then in the possession of said judgment (debtor) John E. Hamilton, who had an interest therein and right to the possession thereof . . . '' It alleged the filing of the third-party claim by Mrs. Hollman, the giving of the bond and the release from the levy by the sheriff. It alleged that Mrs. Hollman had no interest in and no right to the possession of the automobile. The prayer was that it be adjudged that at the time of the levy the automobile was the property of the judgment debtor, Hamilton, that he was entitled to the possession thereof prior to the levy, that Mrs. Hollman was not at that time entitled to the possession thereof and that she and her surety be required to pay the judgment. If there is a distinction between this action and an action in conversion against the sheriff alone, it is one which is of no materiality when we consider the simple and outstanding fact that the question to be determined in the action was whether the judgment creditor had the right to collect its judgment against Hamilton out of an automobile not in his possession at the time of the levy and in which he had no right of possession and no interest, but of which he was the bare registered owner. It would be an anomalous condition if Mrs. Hollman could maintain conversion against the sheriff, as she could under the authority of *Pendell* v. *Thomas, supra,* but could not prevail in an action brought against her after she had taken the property from the sheriff under a third-party claim and bond.

The judgment is affirmed.

Nourse, J., and Sturtevant, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on October 21, 1929, and a petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on November 18, 1929.

All the Justices present concurred.