[Civ. No. 579. Fourth Appellate District.—January 14, 1932.]

KATHERINE TRUE, Respondent, v. LEON CRANE, Defendant; MARY E. MAXWELL, Appellant.

Fred L. Hamblin for Appellant.

R. J. Welch, Jr., for Respondent.

BARNARD, P. J.—Katherine True recovered a judgment against Leon Crane on September 1, 1927. Execution was issued on March 2, 1931, and levied by the sheriff of Riverside County on March 12, 1931, on a Reo truck then in the possession of Crane. Mary E. Maxwell, who is the mother of Crane, filed a third party claim on March 16, 1931, asserting ownership of the truck in herself. On March 20, 1931, the said Katherine True filed a denial of the allegations of the third party claim, together with an indemnity bond. In this denial she denies that Mary E. Maxwell is the owner of the truck in question and as a separate defense alleges that at some time prior to March 14, 1931, Mary E. Maxwell executed a conveyance of said truck to the said Leon Crane and that he, for the purpose of defrauding and hindering his creditors, failed, refused and neglected to register the same. It is further alleged, on information and belief, that Mary E. Maxwell holds the title to the truck in her name; that the property had in fact been bought for the said Leon Crane; and that he has been the owner thereof at all times since its purchase. The issues thus raised were heard by the court on April 6, 1931, and an order was entered in which it is adjudged that the truck in question is the property of Leon Crane and subject to sale by reason of said execution and levy. This appeal is from that order.

The only facts found by the court in its decision are "that Mary E. Maxwell did in fact endorse said pink slip of ownership to said Reo truck properly, delivering same to said defendant, Leon Crane" and "that the said Leon Crane failed, refused, and neglected to endorse thereon his name and forward same to the State Motor Vehicle Bureau, in pursuance, and as required by Motor Vehicle Act". The court then drew the two conclusions of law that the said truck was not at the time of the levy in question the property of Mary E. Maxwell, and that it was in fact the property of Leon Crane.

The first question presented is whether these facts found are supported by the evidence. It appears from the evidence that Mrs. Maxwell lived in Beverly Hills and her son, Crane, lived in Riverside; that Mrs. Maxwell purchased the truck with her own funds in January, 1928; that at the time it was purchased the truck was registered in her name under the provisions of the California Vehicle Act (Stats. 1923, p. 522, secs. 36–49); that under her instructions the truck was delivered to Crane at Riverside; that it remained in his possession at all times until after this execution was levied, being used by him in operating his business; that, except as hereafter noted, Mrs. Maxwell retained the registration certificate at all times; and that she paid all taxes on the truck, all fees for renewals of the license to operate, and the premiums on insurance. It also appears that Mrs. Maxwell went to Europe in January, 1930, and returned about May 1, 1930; and before she went away she indorsed the registration certificate on the back thereof in the space provided for transferring and re-registering the car, signing both as registered owner and as legal owner; that after so signing she handed the certificate to Crane's wife, who put it in a vault in a bank; that neither Crane nor anyone else indorsed the registration certificate as buyer; that neither Crane nor anyone else sent in the registration certificate to the motor vehicle department or took any other steps to have the car re-registered; and that the registration certificate thus signed by her was returned to Mrs. Maxwell by Crane some time before Christmas in the year 1930. In connection with the signing of this certificate and the delivery of the same to Crane's wife, Mrs. Maxwell testified that before she went to Europe Crane's wife told her there was a tentative deal on to dispose of the truck, because they thought they might not be able to go ahead while she was away; and that she signed the certificate as legal owner in order to permit them to sell the truck if they desired, while she was gone. This testimony, and also her testimony that she told her son that in the event the truck was sold the money received therefrom should be deposited in her account in a bank at Beverly Hills, is not contradicted. She also testified, without contradiction, that the car was not sold; that when she returned from Europe she

demanded a return of the registration certificate on several occasions; that "when she would go to the bank it would be closed or something, and she was to bring them up to me"; and that her son finally returned the certificate to her between Thanksgiving and Christmas of that year. Mrs. Crane testified in regard to the conversation when the registration certificate was left with her "she just said she would sign them over and leave them, in case he made a sale. No provision made for anything further"; that Mrs. Maxwell handed the pink slip to her; that she put it in the bank; that around Christmas time Mrs. Maxwell sent word to her through Mr. Crane for her to return the pink slip; and that she did so.

We think this evidence is not sufficient to sustain the court's finding that Mrs. Maxwell indorsed the pink slip of ownership and delivered the same to Leon Crane, and that Crane failed, refused and neglected to indorse his name thereon and forward the same to the motor vehicle department, as required by the California Vehicle Act. The uncontradicted evidence shows that the registration certificate was signed and delivered to Mrs. Crane for a particular purpose and that the delivery thereof was qualified. It also shows that when this purpose failed, Mrs. Maxwell demanded and received the return of the certificate, and that this occurred long before the execution was levied. It also shows that Crane had no authority under the circumstances to sign and forward the certificate for the purpose of re-registering the car in his name, rather than showing any neglect and refusal in that regard.

It will be observed that no right of possession in Crane is shown or claimed by any party, as distinguished from the ownership of the car. The question of title to the car alone is here involved. The respondent's judgment was obtained long before this truck was purchased by Mrs. Maxwell and before it came into the possession of Crane, so that no credit was extended to Crane in reliance upon his ownership of the truck and no ground of estoppel in favor of the respondent appears. As we view it, the respondent practically stands in the shoes of Crane and the question of title to the truck is to be considered as if the same had arisen between Crane and his mother. Subdivision "e" of sec-

tion 45 of the California Vehicle Act as it then existed reads as follows:

"Until said division shall have issued said new certificate of registration and certificate of ownership as hereinbefore in subdivision (d) provided, delivery of which vehicle shall be deemed not to have been made and title thereto shall be deemed not to have passed and said intended transfer shall be deemed to be incomplete and not to be valid or effective for any purpose."

In *Parke* v. *Franciscus,* 194 Cal. 284 [228 Pac. 435, 440], the court said:

"Appellants are the transferees of the 'ownership' of the automobile within the meaning of the third paragraph of section 8. Therefore, the failure of appellants to obtain the certificate of registration properly indorsed by themselves and McNabb and to forward it together with an application for re-registration to the department within ten days renders their title invalid as against the respondent."

In *Samuels* v. *Barnet,* 79 Cal. App. 529 [250 Pac. 405, 406], the court said:

"The appellant bases his right of action on a purported transfer of a second-hand automobile wherein he failed to meet the requirements of the statute. The section quoted provides that unless these restrictions are followed the 'intended transfer shall be deemed to be incomplete and not to be valid or effective for any purpose'. The legislature could scarcely have used words which have been more expressive of the intention to declare that such transfers could not be effective for any purpose. Such being the case, the transfer could not be effective for the purpose of conferring upon appellant the right of possession necessary for the maintenance of this action."

It has, of course, been held that lack of compliance with this section is not conclusive, under equitable principles, in cases where the right of possession is involved and the other party has such a right, or where the circumstances are such as to estop the vendor from asserting his title. (*Boles* v. *Stiles,* 188 Cal. 304 [204 Pac. 848]; *Kenney* v. *Christianson,* 200 Cal. 419 [50 A. L. R. 1297, 253 Pac. 715]; *General Motors A. Corp.* v. *Dallas,* 198 Cal. 365 [245 Pac. 184];

*Dowd* v. *Russell,* 78 Cal. App. 262 [248 Pac. 293] ; *Maryland Casualty Co.* v. *Hollman,* 100 Cal. App. 669 [280 Pac. 1034] ; *Crandall* v. *Shay,* 61 Cal. App. 56 [214 Pac. 450].) However, in the instant case, the conclusion of the court is based entirely upon the finding that the registration certificate had been transferred and there is neither a finding of any facts showing equitable ownership in Crane, nor facts showing the existence of any grounds of estoppel in his favor. Under the pleadings and the facts found, and in view of the statute referred to, we are of the opinion that title to the truck did not pass to Crane.

The respondent argues that Mrs. Maxwell made a gift of this truck to her son. This is not alleged in the denial filed to the third party claim, it being only alleged that Mrs. Maxwell executed a conveyance of the title to Crane and that he failed, refused and neglected to reregister it. No finding to that effect was made by the court. No witness testified that such a gift was made at the time the truck was purchased or delivered to Crane. The only evidence to that effect is the testimony of two witnesses that on two occasions Mrs. Maxwell had told them that she made a birthday present of the truck to her son. Not only was this denied by Mrs. Maxwell, but the evidence shows that when the truck was purchased it was registered in her name; that she kept possession of the registration certificate at all times except as herein noted; and that she paid all renewal fees, taxes and insurance. In view of the plain provisions of the statute that an intended transfer is to be deemed incomplete and not valid or effective for any purpose in the absence of compliance with the terms of the act, we are of the opinion that, under the circumstances of this case, the evidence shown by this record would not have justified a finding that title to the truck passed to the son by virtue of a gift, the provisions of the statute having been complied with neither by Mrs. Maxwell nor by her son. The fact that this mother may have bought the truck with a view to its being used by her son and with the desire that he receive the benefit of its use, is not controlling. In the absence of any element of estoppel or other circumstances of equitable right, the statute prevails as between the par-

ties and this attaching creditor has shown no right superior to any right possessed by the son.

For the reasons given, the judgment is reversed and a new trial granted, with directions to the trial court to permit respondent to amend her denials to the third party claim and her pleadings if she be so advised.

Marks, J., and Jennings, J., concurred.