[Civ. No. 5091.  Third Appellate District.—April 23, 1934.]

A. R. L. MUESELER, Respondent, v. H. S. BRIDGE-
WATER et al., Appellants.

Whitson & Sims and R. G. Akers for Appellants.

Amend & Amend and Joseph Hansen for Respondent.

PLUMMER, J.—The plaintiff had judgment against the defendants in the sum of $2,500 and costs for and on account of the alleged wrongful conversion of a certain Packard automobile. From this judgment the defendants appeal, and bring this cause before us upon the judgment-roll alone.

The findings of the court are to the effect that on or about the nineteenth day of May, 1930, the plaintiff purchased from Carl R. Henderson a Packard sedan automobile, paying therefor the sum of $2,287.50; that the plaintiff being incapacitated, by reason of physical infirmities, from driving an automobile, and also from transacting business, requested his son to look about for a good used car for the uses and purposes of the plaintiff and his wife, to be driven, however, by the son. In accordance with such request, the plaintiff's son, after looking about, found the car in question, took the plaintiff out two or three times in the car, whereupon the plaintiff decided to buy the automobile. The plaintiff was then driven by his son to the automobile agency, where the plaintiff made out a check for the purchase price of the automobile, gave it to his son who went into the salesroom and arranged with a salesman for some slight repairs, delivered the check to the salesman, and signed his own name to an order slip for the purchase of the automobile, the son believing at the time that he was signing only an order for the delivery of the car.

Following the usual custom, the order slip was placed in a desk basket, from which Henderson took the slip and caused the car to be registered with the motor vehicle department of the state of California, in the name of the son,

H. A. Mueseler. The matter of registration of the car was never mentioned between father and son, or the agent or salesman, and the plaintiff did not know that said automobile was registered in his son's name at any time until after the automobile was attached at the instance of the defendant, H. S. Bridgewater.

Upon the completion of the purchase the car was delivered to the residence of the plaintiff in this action, and remained there for several days, after which it was kept in the garage owned by the son. It appears that the son lived six or eight blocks from the residence of the plaintiff, where the plaintiff had theretofore kept other cars owned by him, and whenever the plaintiff desired to be driven about, the son would take an automobile from the garage, drive to the residence of the plaintiff, pick up the plaintiff and drive for him, whether for pleasure or business, and after the completion of the drive, leave the plaintiff at the plaintiff's residence, and to save himself from walking the six or eight blocks, drive the car back to the garage situate on the premises occupied by the son.

Some time after the first registration of the automobile herein referred to, and on or about the twenty-second day of July, 1930, and preceding the attachment herein, the son, H. A. Mueseler, wrote his name upon the certificate of ownership, and registration, as transferor, and wrote the name of A. R. L. Mueseler, the plaintiff, on said certificate, as the transferee, and the address of the plaintiff on the reverse side of the certificate, and forwarded the certificate so indorsed to the division of motor vehicles of the state of California. The plaintiff was not informed as to this transaction until after the attachment.

On or about the twenty-ninth day of July, 1930, the automobile in question was attached by the defendant, H. S. Bridgewater, as being the property of H. A. Mueseler. The plaintiff in this action filed a third-party claim, and the defendant, National Surety Company, executed an undertaking, and delivered the same to the sheriff, as provided by section 689 of the Code of Civil Procedure. Thereafter, and on or about August 28, 1930, the automobile was sold by the sheriff of the county of Los Angeles. This action was prosecuted to recover the value of the car, and damages sustained by reason of the attachment.

No question is made upon this appeal either as to the value of the car or the damages sustained by the plaintiff, the only contention being that by reason of the automobile having been registered in the name of H. A. Muescler, and the registration certificate having been signed by H. A. Mueseler in transferring the registration to the plaintiff in this action, and not by the plaintiff personally, judgment should have been rendered for the defendants.

No issue is tendered in this cause that the indebtedness of H. A. Mueseler to the defendant H. S. Bridgewater was incurred by reason of any reliance upon the apparent ownership of the automobile in question as being in H. A. Mueseler, as the indebtedness arose by reason of transactions preceding the purchase of the automobile by the plaintiff in this action.

To sustain their contention that judgment should have been rendered in their favor, the appellants rely upon the case of *General Motors Acceptance Corp.* v. *Dallas*, 198 Cal. 365 [245 Pac. 184]. The circumstances of that case are, however, readily distinguishable from those presented for our consideration. This appears from a recital of the first paragraph of the syllabus, to wit: ''In an action for damages for alleged wrongful conversion of an automobile it is incumbent upon the plaintiff to sustain the affirmative of the issue and prove either ownership and the right of possession, or actual possession of said automobile in itself at the time of the alleged conversion thereof; and if it fails to prove either that it was the owner of the automobile and entitled to the possession thereof, or that it was in the actual possession thereof when the alleged conversion took place, judgment is properly entered against it.''

In the instant case, as shown by the summary of the findings herein set forth, the plaintiff in this action at all times since the purchase of the Packard car was the owner thereof. It is true that for a short period of time the legal title was in the name of his son, but the plaintiff was the owner thereof, and also entitled to immediate possession. At the time of the attachment not only the equitable, but the legal title was vested in the plaintiff. The mere fact that the name of the plaintiff was written upon the registration certificate or blanks, by his son, did not in anywise mislead either of the defendants in this action. By an examination

of the records of the motor vehicle department of the state of California it could have been ascertained by the appellants that the legal title was in the plaintiff in this action.

■ Furthermore, it appears that the transfer of the apparent legal title from H. A. Mueseler to the plaintiff was not in violation of any of the code provisions relating to fraudulent transfers. Whatever right of action the appellant Bridgewater had against H. A. Mueseler existed prior to the purchase of the automobile, and, as we have said, the indebtedness was not incurred on the faith of H. A. Mueseler being the owner thereof, so that the question of an innocent purchaser or a creditor standing in the same relation does not arise in this action. Hence, the cases which have been decided on the theory of constructive fraud upon an innocent purchaser for value, are inapplicable, and reference thereto will not be made in this opinion.

■ The fact that the change in the registration from H. A. Mueseler to the plaintiff in this action was not made within ten days after the purchase of the Packard car by the plaintiff did not work to the injury of the appellants, is evident from what we have heretofore said, and therefore it cannot be held that such delay in placing the apparent legal title in the name of the plaintiff, who was the actual owner of the car from the date of its purchase, rendered the plaintiff's ownership subject to any rights which the appellant Bridgewater had against H. A. Mueseler. In other words, the delay in the transfer of the apparent legal title did not work a forfeiture of the plaintiff's ownership, or subject his ownership to the claims of anyone who was uninjured thereby.

■ The form in which the transfer of the apparent legal title was made, from the name of H. A. Mueseler to the plaintiff in this action, not having been presented to us in the record in order to support the judgment of the trial court, it would be incumbent upon us to presume that there was sufficient evidence introduced in the trial of the action showing that H. A. Mueseler was acting as the agent of the plaintiff in making the transfer and signing the necessary names. No cases have been cited holding that such transfer may not be properly executed by an agent of the actual owner of the car.

A somewhat similar case to the one we are considering is that of *Maryland Casualty Co.* v. *Hollman,* 100 Cal. App. 669 (280 Pac. 1034], where what we have said is abundantly supported by the reasoning and citations contained in the opinion in that case. (See, also, the case of *Pendell* v. *Thomas,* 95 Cal. App. 33 [272 Pac. 306]:)

All that we have said is likewise supported by the well considered case of *Sidney* v. *Wilson,* 67 Cal. App. 282 [227 Pac. 672]. However, in this latter case it appears that the rights of an innocent third party intervened, and as between innocent parties it was held that the negligence of the one who had caused another innocent party to suffer, must stand the loss.

It appearing from the record that there is no merit in this appeal, either from an equitable or a legal standpoint, it follows that the judgment should be affirmed, and it is so ordered.

Pullen, P. J., and Thompson, J., concurred.