**GERTRUDE IVANYI, Plaintiff**

v.

**RECALDO OSBORNE, Defendant**

Civil No. 825-1968

Municipal Court of the Virgin Islands

Div. of St. Thomas and St. John

June 11, 1969

 

JAMES A. RICHARD, ESQ., *for plaintiff*

SYDNEY COHEN, ESQ., *for defendant*

MICHAEL, *Judge*

## OPINION

### STATEMENT OF FACT

The above matter came on upon a complaint in debt by the plaintiff against the defendant, claiming that the defendant owes her $3,300 which was loaned to him to purchase a Volvo automobile.

At the time of filing the action the plaintiff attached the vehicle which, although registered in the name of the defendant in the office of the Department of Public Safety, was in the possession of Ramsey Motors, Inc., a motor dealer, which company had accepted the vehicle as a trade-in against the purchase price of a new automobile upon the signing over of the registration certificate by the defendant and delivering the vehicle to them.

After the vehicle was attached by plaintiff, Ramsay Motors, Inc., a third party garnishee, filed Certificate pursuant to 5 V.I.C. § 265(a) that it was not in posses-

sion of any property belonging to the defendant, Recaldo Osborne. Also filed by the said garnishee was a motion setting forth facts leading up to the attachment of the vehicle by the marshal and as to the invalidity of said attachment.

Upon hearing of said motion, at which the plaintiff was represented by James A. Richard, Esq., and the garnishee by McGowan, Loud, Campbell and Dennenberg, Roger L. Campbell, Esq., of counsel, the court found that the procedure followed by the plaintiff was invalid and ordered that the marshal release custody of the automobile to the garnishee, Ramsay Motors, Inc., pending further proceedings in the matter.

The case came on for hearing on the 14th and 21st of January, 1969, the plaintiff appearing in person and represented by James A. Richard, Esq., and the defendant appearing in person and represented by Sydney Cohen, Esq.

After hearing the court found for the plaintiff and entered judgment against the defendant, leaving the question as to whether Ramsay Motors, Inc., obtained a valid title to the automobile when it was delivered by the defendant as a trade-in against the purchase price of the new automobile and signing over and delivering to the said Ramsay Motors, Inc., the registration certificate, or whether the failure of registration of the change of ownership with the Department of Public Safety pursuant to 20 V.I.C. § 335 invalidated the sale. On this point both parties have submitted memoranda of law.

The plaintiff contends "that so long as the Volvo automobile is registered in the name of Osborne it is his property and subject to levy."

Ramsay, the garnishee, on the other hand contends that the section upon which the plaintiff relies has nothing to do with in whose name the vehicle is registered, but

rather who owns it. As a consequence, when the vehicle was delivered to Ramsay Motors, Inc., on September 13, 1968, title passed from Osborne, the defendant, to Ramsay.

20 V.I.C. § 335 provides as follows:

"If the ownership of a motor vehicle is changed, such change shall be registered by the vendor with the Commissioner of Public Safety, and endorsed on the registration license. The *operation* of any motor vehicle before such registration of change of ownership has been made shall immediately make void the *license* theretofore issued, and the property shall be considered as remaining in the vendor; provided, however, that such change of ownership may be registered on public holidays by the vendor delivering notice of such change to the desk officer at a Police Station and the entry of such delivery and the time thereof on the Police Blotter on the same date. Provided, further, that the vendor shall procure the endorsement of such change on the registered license no later than the close of business on the succeeding business day. The provisions of this section shall not apply to sales of motor vehicles, not previously registered, by dealers who have secured dealers' licenses." (Emphasis added.)

Originally, the section did not have the proviso about the registration of change of ownership on public holidays by the vendor, etc. This amendment was added on May 8, 1959, by Act No. 399.

Plaintiff construes this amendment as supportive to his contention that unless a vendor registers change of ownership pursuant to the provision of the statute, his having been given the opportunity of so doing even on holidays, title to the motor vehicle remains in him and as a consequence the vehicle is subject to attachment for any purpose by third parties.

The court has read the memoranda of law submitted by the parties and cases cited, and has made extensive independent research on the question involved, to wit, whether failure to register change of ownership of a motor

vehicle with the Commissioner of Public Safety by the vendor and have such change endorsed on the registration license as provided by 20 V.I.C. § 335 invalidates the sale.

■ Unfortunately, neither the minutes of the legislature were available to aid the court in the interpretation of the statute, nor in all the cases cited was it possible to find the provisions of the statute the court had before it. However, of those found it was clear, as is generally the case in the interpretation of statutes and as stated in 40 C.J.S. § 41, p. 168 with reference to transfer of motor vehicles, "The invalidity of an alleged transfer of a motor vehicle must be determined with reference to the statute as it is read at the time of the transaction involved, and where the legislature has not expressly provided that the sale or transfer without compliance with the statute shall be void or fraudulent, in order for the courts to invalidate such transfers for non-compliance it must clearly appear from the statute that the legislature so intended."

Among the cases cited by plaintiff as supporting his contention as to invalidity of a transfer or sale in which the statute has not been complied with, is that of Crandall v. Shay (1923), 61 Cal.App. 56, 214 Pac. 450.

Commenting on this case the plaintiff states that "The transferee's title has also been held invalid as against the lien on an attachment levied after transfer but prior to compliance with the statute."

This court finds upon a reading of the above case that the statute which the court was interpreting provides as follows:

"Until said transferee has received said certificate of registration and has written his name upon the face thereof in the blank space provided for said purpose by the department, delivery of said motor vehicle shall be deemed not to have been made and title

181

shall be deemed not to have passed and said intended transfer shall be deemed to be incomplete and *not to be valid or effective for any purpose."* (Emphasis added.)

The above statute needs no interpretation, as the legislature expressly provided that the intended transfer shall be deemed not to be valid or effective for *any* purpose.

Cases under similar statutes holding that failure to follow their provisions invalidates the sale or transfer are legion, among which are Samuel v. Barnet (1926), 250 Pac. 405, 52 A.L.R. 703; Kelso v. Kelso, 306 S.W.2d 534, 71 A.L.R.2d 258 (cited by pl.); Rainey v. Ross, 235 Pac.2d 45; Boles v. Stales (1922), 188 Cal. 304, 204 Pac. 848; Taylor v. Burdick, 30 N.W.2d 418; and Rainey v. Ross et al., 35 Pac.2d 45.

Whether the legislature of this territory had in mind that under the provisions of the statute all unregistered transfer or sales of secondhand motor vehicles were to be invalid or ineffective for any purpose, or that bona fide sales or transfers, although not registered, were to be valid may be arrived at from the following analysis:

▪ The first sentence of the statute provides for registration by the vendor with the Commissioner of Finance and endorsement on the registration license upon change of ownership. The second sentence provides that the *operation* of any motor vehicle before such registration shall make void the license theretofore issued, "and the property shall be considered as remaining in the vendor." (Emphasis added.)

It is clear from the above that after a sale or transfer has been made the only time the license is made void and the property considered as remaining in the vendor is upon its *operation.*

By this analysis the court might stop here and hold that since there was no proof of the *operation* of the vehicle by anyone after the sale, the sale was valid, the

legislature not having expressly provided that the sale or transfer without compliance with the statute shall be void, ineffective or fraudulent *for any purpose,* or as provided in similar statutes previously discussed. As a consequence, the sale made in the case at bar was valid under the law of sales in the territory, as provided in 11A V.I.C. § 2–401(2), and not made invalid by the provisions of 20 V.I.C. § 335.

But the question may be raised as to why does the *operation* of a motor vehicle before registration of change of ownership pursuant to the statute leave the property in the vendor?

The answer is found in the case of U.S. Fidelity & Guaranty Co., et al. v. Allen, 14 S.W.2d 724. Summarizing the intent of the statute the court said: "Our statute requiring the registration of automobiles were enacted not alone for revenue purposes, but as means of identification of the owner of any machine *negligently operated* to the damage of person or property and by way of protection to those so injured by negligent operation." (Emphasis added.) See Kirkwood v. Campbell, 307 N.Y. 854, 122 N.E.2d 744; Reese v. Reamore, 292 N.Y. 292, 55 N.E. 2d 55; 27 A.L.R.2d 179 § 4.

■ In summary, it would appear that the legislature had in mind, (a) the protection of persons who might be injured by the "operation" of the vehicle when it enacted the statute under consideration in 1930, and (b) the protection of the vendor from liability after sale when it amended it in 1959 by providing for registration on holidays, none of which having anything to do with any similarity with "the Torrens system of registering realty titles", or the protection of vendor's creditors after a bona fide sale.

■ It is the opinion of the court, therefore, that the attachment of the Volvo automobile by the marshal of this

court at the request of the plaintiff, was unlawful and illegal.

Judgment may be drawn in accordance with this opinion, with costs and an attorney's fee of $200.00 in favor of garnishee, Ramsay Motors, Inc., and against the plaintiff, Gertrude Ivanyi.