[Civ. No. 2714. Second Appellate District, Division One.—March ·12, 1920.]

## S. E. BABSON, Appellant, v. H. G. SALISBURY, Respondent.

[1] SALES—PURCHASE OF AUTOMOBILE FROM FACTOR—RETENTION OF POSSESSION—SUBSEQUENT SALE BY PRINCIPAL—RIGHT TO MACHINE. Where the owner of an automobile delivers possession thereof to a factor with instructions to sell, and the latter thereafter sells the automobile to another to whom he delivers a bill of sale, the original owner is divested of all right, title, and interest therein, notwithstanding the factor retains possession of the automobile, and such purchaser is entitled to the possession of the automobile as against a subsequent purchaser from the original owner who unlawfully takes it from the garage of the factor in the absence and without the knowledge of the latter.

APPEAL from a judgment of the Superior Court of Los Angeles County. Russ Avery, Judge. Reversed.

The facts are stated in the opinion of the court.

L. G. Shelton for Appellant.

Thos. C. Ridgway for Respondent.

SHAW, J.—This action grows out of the following facts: Guy H. Campbell, as the owner of an automobile, left it with A. M. MacKusick, a dealer in used motor cars, with instructions to sell same for five hundred dollars. Mac-Kusick entered into a contract with Reese Brothers for a

lease and conditional sale of the car, subject to payments therefor, the former retaining title and possession thereof. A few days thereafter he sold and assigned this contract to plaintiff S. E. Babson and at the same time made and delivered to him a bill of sale transferring title to the car, possession of which was retained by the seller. Two or three days after this last transaction, and while the automobile was in MacKusick's garage, Campbell, while MacKusick was away, took it therefrom and sold and delivered it to defendant Salisbury. Thereupon plaintiff brought this action in claim and delivery to recover possession of the automobile. Judgment went in favor of defendant, from which plaintiff appeals on the judgment-roll, claiming the judgment is not supported by the findings.

The court, in effect, found that MacKusick's relation to Campbell was that of a factor; that the contract made by MacKusick with Reese Brothers was null, void, and ineffectual for any purpose; that MacKusick, by a bill of sale duly executed and for a consideration of $315, sold and transferred title to the automobile to plaintiff, who had no notice of the fact that Campbell was the owner of the car; that at no time was delivery of the automobile made to Babson, but the same was retained by MacKusick, who was offering the same for sale up to January 3d, on which day, in MacKusick's absence, Campbell took the car from the garage and sold and delivered it to defendant, who, as to the former transactions, was an innocent purchaser thereof; that on January 17th, Babson, in proper proceedings therefor, caused the sheriff to take the car from Salisbury, who thereafter regained possession by filing with the sheriff the undertaking required by section 514 of the Code of Civil Procedure, and causing the sureties to justify on such undertaking, in which he employed an attorney to whom he paid the sum of twenty-five dollars, which was a reasonable sum for the service; that defendant was deprived of the use of the car from January 17th to January 20th, to his damage in the sum of twenty dollars.

[1] There is no doubt, as appellant claims, that MacKusick, as factor in possession of the car, was, under sections 2026, 2368, and 2369 of the Civil Code, authorized to sell and deliver the same to Babson and receive payment therefor, and that by his act in so doing Campbell, as owner,

was divested of all right, title, and interest therein and the same was as fully vested in Babson as though the former had sold and delivered it. While no actual delivery of possession was made, nevertheless, as a constructive transfer, it was good and sufficient between vendor and vendee, as to whom the relation of bailor and bailee was created with the mutual obligations pertaining to such relation. With this, however, we are not here concerned, nor with the duty which MacKusick owed to Campbell, or that of the latter to Salisbury. The question presented concerns the right of Babson as against defendant. If the latter had as an innocent purchaser bought the car from MacKusick, in whose possession it was left, the prior transfer to Babson would, upon the facts shown and as provided by section 3440 of the Civil Code, be deemed fraudulent as to defendant, who therefore would be entitled to the car. But such is not the case. Defendant did not buy the automobile from MacKusick, and hence he is in no position to claim the benefit of this provision. He purchased the car from Campbell, who, as we have seen, had no right, title, or interest therein and whose possession thereof at the time of his sale to defendant was by reason of his act in unlawfully taking it from the garage in the absence and without the knowledge of MacKusick, who was bailor for Babson as owner.

As we view the facts, the case is governed by the principal applicable to the purchase of stolen property. Campbell's act in taking the car, though not intended to be so, was as wrongful as would have been the unlawful taking thereof by an entire stranger. He had no title or interest therein, and hence nothing to transfer, and his purported act in so doing could no more divest Babson of his right and title to the property so unlawfully obtained by Campbell than had the purchase been made from a thief who had stolen the property.

The judgment is reversed.

Conrey, P. J., and James, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on May 10, 1920.

All the Justices concurred.