[Sac. No. 3954. In Bank.—February 14, 1927.]

## A. KENNY, Appellant, v. MORRIS CHRISTIANSON et al., Respondents.

[1] CLAIM AND DELIVERY—TITLE—EVIDENCE.—In an action in claim and delivery to recover possession of an automobile, or the value thereof, where the defendant's asserted ownership and right of possession of the machine was alleged by him to exist from or prior to the commencement of the action, he was entitled to show by evidence any source of his said title, whether derived from the plaintiff or not.

[2] ID.—SALES—AUTHORITY OF AGENT—EVIDENCE.—In such a case, where the evidence was sufficient to show that the automobile in question was delivered by the plaintiff, or her agent, to a factor for sale, the latter was entitled as such factor to deliver possession of the car to such purchaser as would pay the price, and to execute a bill of sale to him, and the fact that the factor after receiving the purchase price embezzled it does not render the purchaser liable for the same.

[3] ID.—TRANSFER OF TITLE—MOTOR VEHICLE ACT—FAILURE TO COMPLY WITH.—While a compliance with section 45, subdivision e, of the Motor Vehicle Act of 1925, is essential to complete a transfer of title to a motor vehicle, the failure of the transferee to procure the registration certificate does not render his right to the possession of the car so incomplete as to make the assertion thereof unavailing to him in an action by the vendor to recover the auto-

---

2. Payment to factor as discharging purchaser, notes, 14 **Ann. Cas.** 804; 8 **L. R. A.** (N. S.) 474. Implied authority of factor to receive payment, note, 8 **A. L. R.** 227.

mobile actually sold and delivered in good faith and for a full consideration.

[4] ID.—PLEADING—DEFENSE.—In such a case, where the plaintiff bases her alleged right of recovery in the first instance upon her original claim of ownership and her contention that the person through whom the defendant acquired title had no authority to dispose of the same, the defendant is not required in his pleadings to anticipate such other contentions as the plaintiff may seek to rely upon when her main reliance has failed, and which other contentions do not appear upon the face of her complaint.

(1) 25 **C. J.,** p. 416, n. 49; 34 **Cyc.,** p. 1413, n. 66.    (2) 25 **C. J.,** p. 340, n. 2, p. 416, n. 51, p. 428, n. 94.    (3) 34 **Cyc.,** p. 606, n. 62 New.    (4) 21 **C. J.,** p. 1242, n. 92; 31 **Cyc.,** p. 129, n. 96 New.

APPEAL from a judgment of the Superior Court of Sacramento County. Peter J. Shields, Judge. Affirmed.

The facts are stated in the opinion of the court.

John R. Connelly for Appellant.

William M. Sitton and Elliott, Atkinson & Sitton for Respondents.

RICHARDS, J.—This appeal is from a judgment of the trial court in favor of the defendant Morris Christianson in an action instituted by the plaintiff for the recovery of the possession of an automobile, or, in the alternative, for the recovery of $600 in case delivery cannot be had. The complaint was in the usual form employed in actions for claim and delivery, wherein the plaintiff alleged that on June 29, 1925, she was and ever since has been and now is the owner and entitled to the possession of said automobile, describing the same, and that on or about August 22, 1925, the defendant had wrongfully taken and since retained said automobile from the possession of the plaintiff, notwithstanding her demand for the return to her of the possession thereof. The defendant in his answer denied, for want of information or belief, that the plaintiff was the owner or entitled to the possession of said personal property, and denied that he had ever taken wrongful possession of the same, or that his detention thereof was unlawful; but, on the contrary, alleged that from a time prior to the commence-

ment of the action and ever since said time he had been and continued to be the owner of and entitled to the possession thereof. The cause went to trial before the court upon the issues thus presented, and upon the conclusion of the trial the court made and filed its findings of fact and conclusions of law, in the course of which the court found that the plaintiff on or about July 23, 1925, was the owner and in possession of said car, but that on or about said date she had delivered the same to one Pat E. Patterson in the city of Sacramento, where said Patterson was then and there engaged in the business of selling second-hand or used cars, and had instructed Patterson to sell said automobile; and that said car had thereupon been placed upon the premises used by Patterson in the conduct of his business, and, with other cars of said Patterson, was offered and exposed for sale; that the defendant Christianson, while said car was thus in the possession of Patterson and was being, under his said authority and at his said place of business, offered and exposed for sale, had purchased the said automobile from Patterson on the twenty-second day of August, 1925, and had thereupon fully paid to him the purchase price thereof, and that thereupon Patterson delivered to said purchaser said car, and that Christianson had ever since continued to be the owner and in rightful possession of the same. The court also in its findings expressly negatived the averments of the plaintiff's complaint to the effect that Christianson's possession and detention of said personal property was wrongful. As a conclusion of law the court found that the plaintiff was not entitled to any relief in said action. From the judgment accordingly entered the plaintiff prosecutes this appeal.

[1] The first contention of the plaintiff is that the trial court was in error in permitting the defendant to introduce certain evidence in support of his claim of ownership and of the right to possession of said car. This contention is based upon the appellant's assertion that since the defendant by the form of his pleading asserted title to said personal property derived from some source in opposition to and contrary to the source of plaintiff's title, and since the evidence offered by him failed to show such derivation, the court was in error in permitting him to introduce the same. This contention is utterly without merit.

The defendant's asserted ownership and right of possession of said machine being alleged by him to exist from a time prior to the commencement of said action, he was entitled to show any source of his said title, whether derived from the plaintiff or not. The pleadings, while simple and brief, were in the usual form of the pleadings and denials in action for the recovery of the possession of personal property, and the issue presented thereby was as to which of the parties to the action was entitled to the possession of such property at the time of the commencement of the action; and the trial court was therefore justified in considering any proof which bore upon this issue.

[2] Appellant's next contention is that the finding of the trial court to the effect that the plaintiff had delivered the possession of said property to Pat E. Patterson with instruction to sell the same was not supported by the evidence. The most that can be said of this contention is that the evidence upon that subject is conflicting. When the automobile was delivered to Patterson by the plaintiff or her agent he signed and delivered to the agent of the plaintiff, who delivered the same to her, a receipt which showed that he had "received of Kenny Collection Agency One Cadillac Tour to be sold for six hundred dollars net." The evidence further showed that subsequently to the issuance of said receipt the plaintiff had, through her duly authorized agent, reduced the price to $450. The evidence further showed that at the time of the delivery of said car to Patterson he was engaged in the business of a dealer in and seller of used cars at a fixed place of business, and was in fact a factor within the definition of that term as set forth in section 2026 of the Civil Code. While it is true that the plaintiff, through her testimony and that of her agent, undertook to limit the authority of Patterson to that of merely finding a purchaser for the car, the evidence on the whole, we think, sufficiently discloses that Patterson was so far invested with the possession and control over the car and with authority to sell the same for the designated price as to be entitled as such factor to deliver possession of the car to such purchaser as would pay the same, and to execute a bill of sale to such purchaser. These several acts Patterson did in his capacity as such

factor and as the plaintiff's agent; but the evidence shows that having done so he absconded without having paid over to the plaintiff the amount received by him from Christianson for the purchase price in full of said car. In so doing, however, he continued to be the agent of the plaintiff, and for his wrongful act in the embezzlement of the purchase price of the car the defendant Christianson was in nowise responsible. This case as to the foregoing aspects of it would seem to come squarely within the decision in the case of *Carter* v. *Rowley,* 59 Cal. App. 486 [211 Pac. 267], wherein in a well-reasoned opinion that court held that the purchaser of an automobile under circumstances much similar to those herein presented was entitled to retain or recover the possession of the personal property thus acquired.

[3] Plaintiff's next contention is that the defendant was not entitled to assert his ownership and right of possession of said automobile in this action for the reason that the evidence disclosed that there had never been issued to him the certificate of registration and ownership provided for in section 45, subdivision e, of the Motor Vehicle Act of 1925 [Stats. 1925, p. 402], which section provides for the issuance by the motor vehicle department of such certificate of ownership and registration upon every transfer of title or of an interest in a motor vehicle, and further provides that until such certificates are issued "delivery of such vehicle shall not be deemed to have been made and title thereto shall not be deemed to have passed, and said intended transfer shall be deemed to be incomplete and not to be valid or effective for any purpose." The scope and meaning of this provision of the Motor Vehicle Act was before this court in the case of *Parke* v. *Franciscus,* 194 Cal. 284 [228 Pac. 435], wherein this court held that while a compliance with said section and subdivision was essential to complete the transfer of title to the motor vehicle sought to be transferred and delivered to a purchaser, the failure of the transferee of the ownership of such car to procure the registration certificate required by the terms of said act did not render his right to the possession thereof so incomplete as to make the assertion thereof unavailing to him in an action against him by the vendor of the automobile thus actually sold and delivered to a purchaser in good

faith and for a full consideration. In so deciding, this court referred with approval to the case of *Boles* v. *Stiles,* 188 Cal. 304 [204 Pac. 848], wherein this court held that where an owner of an automobile had by his own act and agreement placed another in the immediate and exclusive possession thereof he was not in position thereafter, in an action for claim and delivery, to invoke the provisions of the Motor Vehicle Act above referred to. A similar ruling was made by the appellate court in the case of *Chucovich* v. *San Francisco Securities Corp.,* 60 Cal. App. 700 [214 Pac. 263), that court basing its ruling upon the decision in the case of *Boles* v. *Stiles, supra.* In the face of these authorities we are constrained to hold that the plaintiff was not entitled to rely upon the provisions of the Motor Vehicle Act in question to sustain her own title or to defeat the defendant's right of possession based upon the foregoing transaction.

[4] The appellant makes the final contention that the defendant's claim that the plaintiff is not entitled to rely upon the aforesaid provisions of the Motor Vehicle Act to defeat the defendant's claim is a defense, based upon estoppel, and that the defendant was not entitled to the benefit of such defense because of his failure to plead such estoppel. In making this contention plaintiff relies upon the familiar rule that the defense of an equitable estoppel is one which must be pleaded. This rule, however, has only application to cases wherein the plaintiff bases his sole reliance for his recovery in said action upon a claim of title which he is estopped to urge. Where, however, a plaintiff, as in this case, bases her alleged right of recovery in the first instance upon the original claim of ownership of the property in question and upon her contention that the person through whom the defendant acquired title to said property had no authority from her to dispose of the same, the defendant is not required in his pleadings to anticipate such other contentions as the plaintiff may seek to rely upon when her main reliance for her right of recovery has failed her, and which do not appear upon the face of her complaint. In such cases the defendant may await the assertion by plaintiff in her proof of such additional foundation for

her right of recovery and may then oppose the same with his evidence of an equitable estoppel.

The judgment is affirmed.

Waste, C. J., Preston, J., Langdon, J., Curtis, J., Shenk, J., and Seawell, J., concurred.