[Civ. No. 8185. First Appellate District, Division One.—May 13, 1932.]

FRED A. CREASON et al., Appellants, v. FRANK L. CREASON et al., Respondents.

Russell Scott and Paul Pioda for Appellants.

J. P. Mandl for Respondents.

WARD, J., *pro tem.* — Plaintiffs and defendants are the children of W. J. Creason, deceased. On August 17, 1925, W. J. Creason, aged seventy-six years, shortly after becoming blind made and executed a certain deed and entered into an escrow agreement with one J. P. Mandl that upon the death of the grantor the deed should be delivered to defendant Frank L. Creason.

The first cause of action in the complaint is in the nature of quiet title. The second cause of action and the answer thereto raise issues of incompetency, undue influence, confidential relations, independent advice and want of consideration upon the alleged promise of defendant to take and hold the deed in trust during the life of decedent for his benefit, and after his death to share the property equally with the other heirs. The trial court found for the defendants, Frank L. Creason, the grantee, and Edith Whitaker, a daughter, who filed a disclaimer. From the judgment rendered, plaintiffs appealed.

In appellants' reply brief, attention is confined to the "three material arguments . . . in our opening brief". The three points referred to are that the grantor was mentally incompetent, that the grantor did not intend the deed of August 17, 1925, to operate as an irrevocable gift, and that the parties mutually agreed to rescind the said deed and the escrow agreement.

There is no proof that defendant Frank L. Creason used undue influence or that he exercised dominion over his father or his father's affairs. The confidential relations may be referred to as the affection, attention and financial assistance which the defendant Frank L. Creason bestowed upon the father. The question of independent advice, in the absence of evidence of undue influence, plays no part in this case. (*Brown* v. *Canadian Indus. Alcohol Co.*, 209 Cal. 596 [289 Pac. 613].) We understand that appellants have abandoned all contentions save those referred to in the reply brief. At any rate, this court approves the trial court's findings in their entirety.

 The first question to be determined is: Was the father mentally competent to deal with the subject of conveyance, with a full understanding of his rights; that is, did he understand the nature, purpose and effect of this conveyance? The trial court found that the grantor fully understood the nature and effect of his act in making, executing and delivering the deed. There is ample evidence, although in conflict with appellants' evidence, to support this finding in the testimony contributed by the notary and other witnesses. The notary read the instruments to the father several times and inquired if that was what he wanted. The father not only suggested, but requested, that

the son Frank, who lived a great distance away, should come to him that his property might be turned over to the son. It was suggested that independent advice should be obtained by the father, but he refused, saying in substance that he knew what he was doing. Appellants depend principally upon the fact that prior to the execution of the deed, the father had written a purported will; and subsequent to the making of the deed, a second will in which he disposed of his property equally among all of the children. The second will was made several days before his death. The first will, in the form of a letter, was written over nine months before the execution of the deed. Great changes had come into the life of the grantor during this period. He had become feeble in health and had changed his residence from the cabin near San Ardo in Monterey County to the home of his daughter Edith Whitaker in Richmond, Contra Costa County. Although blind and feeble, if he was able to understand the nature and effect of the deed and escrow agreement he signed, with a full realization of the claims of all relatives, he was competent. (*Estate of Motz,* 136 Cal. 558, 562 [69 Pac. 294]; *Estate of De Laveaga,* 165 Cal. 607 [133 Pac. 307]; *Estate of Huston,* 163 Cal. 166–169 [124 Pac. 852].) The evidence and its weight are matters for the trial judge to pass upon and determine. Where there is a substantial conflict in the evidence, the appellate tribunal will not interfere.

It is admitted that the grantor wished to have his property disposed of, following his death, without the expense of probate. Edith Whitaker testified that it was during the latter part of July that her father requested her to send for Frank. The deed was executed on August 17th. The grantor had over two weeks in which to change his mind about the conveyance. William Whitaker, the husband of defendant Whitaker, testified: "Dad told Frank he wanted him to go back to King City and have the Judge Mandl make out a deed for this 120 acres to him, and then he told him he wanted him to have an escrow—have it placed in escrow with Judge Mandl until the time of his death, which he wanted Judge Mandl to record for him, or have it recorded."

The evidence discloses that shortly prior to the grantor's death, the plaintiff son Fred wrote to the defendant Frank, stating that his father was not satisfied with his will

and that he wanted to draw a new one. Frank replied and referred to the deed as a will, and stated that if his father wanted to make any changes to "go right ahead". The explanation that Frank made of the use of the word "will" instead of "deed" is that his father did not want Fred around when the deed was made; that if plaintiff knew of the deed he would "go back and worry my father". An examination of the transcript does not disclose that Frank ever assented to set aside the conveyance or to rescind the escrow agreement, but simply informed his brother that if his father desired to make another will to go ahead and do so.

There is evidence substantiating the finding that the grantor intended the conveyance as irrevocable. The escrow agreement was read several times to the grantor and it provided: "That the said deed shall be accepted by the said second party as delivery unconditionally, for the grantee."

The contention of appellants, that the grantee, having referred to the deed as a will, is estopped from denying that the deed is a testamentary disposition of his father's property, is not well founded. An essential of estoppel is that the misrepresentation must be relied upon and must be made by one party to the transaction to the other party. Plaintiffs were not parties to this conveyance and defendants did not owe them a duty to inform them of the existence of the deed. However, assuming that defendant Creason was guilty of neglect in failing to assert his interest or title to the property, estoppel is not pleaded and therefore may not be considered on appeal. (*County of Placer* v. *Lake Tahoe Ry. Co.*, 58 Cal. App. 764 [209 Pac. 900]; *Fair Oaks Bank* v. *Johnson*, 198 Cal. 197–201 [244 Pac. 335].) We fail to find an objection to the evidence presented during the trial of defendant Creason's claim of title upon the ground of estoppel. (*Metcalf* v. *Guercio*, 74 Cal. App. 637, 645 [241 Pac. 576].)

Appellants contend that the trial court failed to find upon the following issue: That the deed was intended as a testamentary document and that respondent simply holds the deed and the property in trust for the benefit of the heirs of the deceased. It was unnecessary to find upon this issue. If the will made prior to the deed is valid, the testator subsequently eliminated this particular piece or parcel

of real estate as part of his testamentary estate by executing the deed and delivering the escrow agreement.

The finding and the conclusion of law that defendant Creason was the owner in fee simple and entitled to the possession of this particular piece of real estate negatives the contention that the deed was intended as a testamentary document or that the respondent holds the deed and property in trust for the benefit of all of the heirs. If further findings had been made, they must necessarily have been adverse to appellants. (*Hulsman* v. *Todd,* 96 Cal. 228, 232 [31 Pac. 39].)

Judgment affirmed.

Cashin, J., and Knight, Acting P. J., concurred.