[Civ. No. 11307. First Appellate District, Division One.—January 20, 1941.]

M. T. BUSH et al., Appellants, v. STERLING C. ROGERS et al., Respondents.

Matthew S. Platz for Appellants.

Albert D. White for Respondents.

WARD, J.—Plaintiffs, husband and wife, brought this action to quiet title to two gypsum mining claims in Ventura County as against rights asserted by defendants in connection with their twenty year lease of the property. The complaint in brief form alleges that plaintiffs are the owners and entitled to the possession of the premises, real estate and mining claims, and that defendants claim an interest therein adverse to plaintiffs, but that said claim is without any right or validity whatever. Defendants Rogers and Mosher filed a general denial, and in addition alleged that they were in rightful and lawful possession of the premises by virtue of a lease executed between plaintiffs and themselves. The an-

swer of defendant Prince is similar except that he claims to be the owner of the Mosher interest through sale and assignment. The findings recite that on June 1, 1936, the mining claims stood of record title in the sole name of M. T. Bush as locator; that he and Josephine Bush entered into a written twenty year lease of the property with Rogers and Mosher; that Josephine Bush was personally present when the lease was executed and that she consented to its execution; that the lease is a valid and binding agreement upon the parties; that Prince is the assignee of the Mosher interest, and that the defendants have on their part substantially performed all of the terms and conditions of the lease. Judgment was entered for defendants, and plaintiffs appeal.

Plaintiffs contend that the lease was invalid because the mining claims were community property and plaintiff wife did not join in the lease as required by Civil Code, section 172a, also that defendants' rights have been terminated by notice of forfeiture for failure to comply with provisions of the lease in regard to diligent development of the claims.

If plaintiffs' contention with regard to the forfeiture is correct, the controversy is at an end. We will therefore first consider that question, and the evidence pertaining thereto. The lease provided: " . . . that said Lessees do hereby covenant and agree with said Lessor as follows, to-wit:

"1. To on or about *90* days from date hereof, to enter upon said above described Gypsum claim and continuously open up and develop the same in order that the greatest amount of Gypsum may be taken out on a commercial basis.

"2. To work and develop said Gypsum claims continuously in such workman-like manner as the maximum tonnage of said Gypsum may be removed and sold; and that any failure to work said Gypsum claims with sufficient force for a period of 90 days consecutively may be by said Lessor considered a violation of this covenant and a termination of this lease."

The evidence shows that defendants immediately upon the execution of the lease made surveys, built a trail, tested the ground for quality and area and to determine the status of the deposit; installed a metal chute and laid pipes for a distance of four hundred feet; caused assays to be made of powder and rock, and expended over $1,000 for materials and labor. There was a period when the roads were impassable on account of weather conditions, and this, together with the

impracticability of mining gypsum when dampened (by rain), caused a delay in working the mine. However, gypsum was mined on the claims and sold. On the question of forfeiture, the court from the evidence presented found for the defendants. We are unable to interfere with the finding that they substantially performed all of the terms and conditions of the lease.

With regard to appellants' contentions that a mining claim, the location of which was perfected during marriage, is community property, regardless of the fact that it was located and stands in the name of the husband alone, and second, that the lease was invalid because the wife did not join therein as required by section 172a of the Civil Code, respondents contend that where a wife participates in negotiations preliminary to the making of a lease, makes no objection thereto, and by her actions indicates her approval of its execution, her consent is established and she is estopped to deny its validity. If respondents' position is correct, it will not be necessary to decide in this case whether the location of a mining claim by the husband alone during coverture constitutes community property.

Appellants assert that the evidence is insufficient as a matter of law to constitute an estoppel, and that this defense is not available to respondents because they did not plead it. It should be noted that there is no direct finding on community rights of the wife herein, or on the question of estoppel. It must be assumed that had findings been made thereon, they would have supported the judgment. (*Creason* v. *Creason,* 123 Cal. App. 455 [11 Pac. (2d) 451]; *Bliss* v. *Sneath,* 119 Cal. 526 [51 Pac. 848].)

Under Civil Code section 172a, a wife by her conduct may be estopped to attack the validity of an instrument because she did not join therein. (*Vierra* v. *Periera,* 12 Cal. (2d) 629 [86 Pac. (2d) 816]; *Mark* v. *Title Guarantee etc. Co.,* 122 Cal. App. 301 [9 Pac. (2d) 839]; *Rice* v. *McCarthy,* 73 Cal. App. 655 [239 Pac. 56].) Mrs. Bush was present during a conversation between defendant Mosher and her husband about ten days before the execution of the lease, at which the development of the claim under the proposed lease was discussed. She was present also in the office of her husband's attorney during a general discussion of its terms on the day of and just prior to its execution, and she was present

also during a conversation held in the month of November relative to a prospective sale of the leasehold interest. Mrs. Bush verified the complaint in this quiet title action. No allegation appears therein that her claim of ownership was based upon a community property interest, and there is no evidence by her, although she was present at the trial, that she ever denied giving her consent to the execution of the lease.

There is no intention herein to hold that a wife's failure to sign a lease necessarily implies that she consents to its execution by her husband. However, the circumstances of this transaction are sufficient to show a waiver on the part of the wife of her interest, community or otherwise, in the matter of a lease on the property.

■ The matter of appellants' contention that respondents are precluded from raising the defense of estoppel because they did not plead it, necessitates a consideration of the pleadings. Ordinarily an estoppel must be pleaded, but there are exceptions to this rule. A quiet title action may be framed in the customary brief form, simply alleging that plaintiffs are the owners and entitled to possession, and that defendants claim an interest, adverse to plaintiffs, which is without right. Plaintiffs used the simple form. Defendants answered, alleging they were entitled to possession by virtue of a lease. In the matter of pleading, it was not necessary at this point to anticipate that plaintiffs would claim the lease to be invalid under the provisions of section 172a. The discussion by the parties, as the evidence shows, related primarily to the question of the sufficiency of the work performed by defendants under the terms of the lease. After answer, no amended complaint was filed alleging the lease to be invalid. It is true that at the opening of the trial, plaintiffs' counsel referred to the property as community property, and stated it was necessary that the wife join in the execution of the lease, "and we may show it as the case progresses a little farther". Plaintiffs' counsel also stated that *prima facie* proof of location was all that was necessary, but that additional matters might be taken up, depending upon the defense. For the first time during the trial, an objection was made to the introduction of the lease, and subsequently on a motion "to strike out the contract on the ground it is shown that this is community property and the wife has

not joined in the execution of the lease'', attention was directly called to the fact that plaintiffs were relying upon the claim that the lease was invalid. In the pleadings in this case, plaintiffs relied upon ownership; in the evidence, particular attack was leveled at non-performance by defendants of the terms of the lease.

In *Kenny* v. *Christianson,* 200 Cal. 419, 424, 425 [253 Pac. 715, 50 A. L. R. 1297], in discussing the necessity of a plea of estoppel as applied to a quiet title proceeding, the court said: '' . . . the defendant is not required in his pleadings to anticipate such other contentions as the plaintiff may seek to rely upon when her main reliance for her right of recovery has failed her, and which do not appear upon the face of her complaint. In such cases the defendant may await the assertion by plaintiff in her proof of such additional foundation for her right of recovery and may then oppose the same with his evidence of an equitable estoppel.'' (*California S. F. Corp.* v. *Riverside F. Co.,* 111 Cal. App. 151 [295 Pac. 555]; *Blood* v. *La Serena L. & W. Co.,* 113 Cal. 221 [41 Pac. 1017, 45 Pac. 252].)

The judgment is affirmed.

Peters, P. J., and Knight, J., concurred.