[Civ. No. 18984. Second Dist., Div. Two. Oct. 16, 1952.]

BERNARD R. SIEGEL et al., Appellants, v. E. C. BAYLESS et al., Respondents.

662

Frye & Yudelson for Appellants.

Irwin & Melby for Respondents.

FOX, J.—Plaintiffs sought to recover possession of a certain Cadillac automobile through a claim and delivery proceeding. Defendants denied their right of possession and filed a cross-complaint to quiet title to the car. From a judgment quieting title in defendant, plaintiffs appeal.

In August, 1950, plaintiffs, residents of Detroit, Michigan, turned over their 1949 Cadillac to one Couls to drive to California for the purpose of selling it. Couls was also given the registration certificate which bore the genuine signature of Mr. Siegel on its face, but was never endorsed on the back. The Michigan certificate of title was not delivered to Couls but has remained in the possession of plaintiffs. Prior to leaving Detroit, Couls wired Clifford Cole, a used car dealer in Los Angeles, regarding the state of the local market on second-hand Cadillacs. He showed Cole's reply to Mr. Siegel who was advised Cole was engaged in the used car business. Couls was authorized to sell the car for $3,600. Any sale at a lower price was required to be submitted to and approved by the owner.

Upon his arrival in California Couls tried without success for a number of weeks to sell the vehicle. He then contacted used car dealer Cole advising him that he had the Siegel Cadillac for sale. Cole thereupon took possession of the car, about the first of November, for the purpose of displaying it for sale to his clients. Couls advised plaintiffs he had given possession of the automobile to Cole who thought he had a buyer for it and that it had been placed on Cole's lot. The latter displayed it there for sale to prospective purchasers in the ordinary course of business for a period of approximately two weeks. During the latter period defendant Clifford Bayless observed it displayed for sale upon the used car lot, and had two conversations with Cole relating to buying it. Thereafter Cole informed Couls he had a buyer for the automobile for $3,100. This offer was communicated by Couls to plaintiffs who advised him the offer was satisfactory and to allow Cole to sell the car. Couls conveyed this information to Cole.

On November 14, 1950, Cole sold the automobile to defendants for $2,785. They gave Cole their check in that amount as payment. He, however, absconded with the pro-

ceeds. Cole delivered to defendants the automobile, the Michigan registration certificate, a power of attorney, a bill of sale to Cole from plaintiffs, and a California Department of Motor Vehicle form which normally accompanies the transfer of automobiles which bear an out-of-state registration. Each of these documents was in blank except that each bore the purported signature of plaintiff Bernard R. Siegel which, however, was a forgery on all the documents except upon the certificate of registration issued by the State of Michigan. This, of course, was not known to defendants. Cole also executed and delivered to defendants two additional documents, viz., a bill of sale to the car from himself to defendants, and an In Lieu of Ownership Certificate. At the time of this transaction the automobile carried Michigan license plates. It has never been registered in California.

The court found defendants were not negligent in the purchase of the automobile from Cole and that at the time of the purchase and delivery thereof they had no notice of any claim of ownership by plaintiffs.

█ The basic question is whether Cole was a factor in this transaction. It clearly appears from the evidence and findings that he was.

Section 2026, Civil Code, defines a factor as ''an agent who, in the pursuit of an independent calling, is employed by another to sell property for him, and is vested by the latter with the possession or control of the property, . . .'' There can be no doubt Cole was employed as an agent by plaintiffs to sell their Cadillac. He was engaged in an independent business. Possession of the car was delivered to him. Thus he meets all the requirements of a factor. As such he had ''ostensible authority to deal with the property of his principal as his own, in transactions with persons not having notice of the actual ownership.'' (Civ. Code, § 2369.) █ Here the court has determined the purchasers of the automobile ''had no notice of any claim of ownership of plaintiffs.'' Under these circumstances Cole had authority, so far as defendants were concerned, to deal with the automobile as his own, for although the authority of a factor is by this section declared to be ''ostensible,'' it is, ''as to persons without notice, as real 'as it is when it is declared to be actual.' '' (12 Cal.Jur., Factors, § 7, p. 416.)

These principles were applied in *Kenny* v. *Christianson*, 200 Cal. 419 [253 P. 715, 50 A.L.R. 1297], where the factual situation was almost identical with our case. There the plain-

tiff or her agent delivered her Cadillac to one Patterson, who placed the automobile on his used car lot and displayed it for sale along with other second-hand cars he was offering for sale, Christianson purchased the automobile from Patterson while it was thus offered for sale. Possession, together with a bill of sale, was delivered to the purchaser who paid Patterson the purchase price therefor. Patterson, however, as here, absconded with the money, and the original owner sought to recover possession of the automobile from the purchaser. The court held in favor of the purchaser on the theory that Patterson was a factor.

In *Carter* v. *Rowley*, 59 Cal.App. 486 [211 P. 267], the facts are also strikingly close to those in the case at bar. There also the rights of the purchaser of a car from a defaulting used car dealer were upheld as against the former owner. Another very similar case in this respect in which the used car dealer was held to be a factor is *Babson* v. *Salisbury*, 46 Cal.App. 521, 522 [189 P. 702].

None of the cases cited by plaintiffs approaches the factual situation disclosed by the evidence and findings in this case, and in the Kenny, Carter and Babson cases which, on very similar facts, establish the principle that is here applicable, viz., that Cole was a factor.

■ Plaintiffs argue defendants had notice sufficient to put them on inquiry and that they were negligent in not pursuing it. These are both essentially questions of fact. From the evidence in its entirety the trial court drew the inferences on these questions in favor of defendants and found accordingly. We cannot say as a matter of law that the court was not justified in so doing.

■ Plaintiffs point to various sections of the Vehicle Code that were not complied with. Hence, they contend, title did not pass to defendants. Since, however, this automobile has never been registered in California the provisions of our Vehicle Code are not here applicable. Section 175(a) of the Vehicle Code, which provides how a transfer of a registered vehicle may be made, and section 186(a), which declares such a transfer ineffective unless made and completed by a change of registration in the manner so provided, "are limited by their own terms to vehicles registered under the Vehicle Code. They do not apply at all to a vehicle not so registered, . . ." (*Willard H. George, Ltd.* v. *Barnett*, 65 Cal.App.2d Supp. 828, 830 [150 P.2d 591].)

Finally, in support of the judgment it should be pointed out that the conduct of plaintiffs in turning the car over to Cole through their agent Couls, and in permitting it to be and remain on Cole's used car lot and actually authorizing him to sell the automobile on their behalf justifies an inference of negligence on their part. The court determined the defendants were not guilty of negligence in purchasing the car from Cole. This situation makes applicable the maxim that "Where one of two innocent persons must suffer by the act of a third, he by whose negligence it happened, must be the sufferer." (Civ. Code, § 3543.) The loss here must therefore fall upon the plaintiffs.

The judgment is affirmed.

Moore, P. J., and McComb, J., concurred.

Appellants' petition for a hearing by the Supreme Court was denied December 11, 1952.