**In re LAGUNA BEACH MOTORS, INC., Debtor.**

**R. Neil RODGERS, Trustee, Appellant,**

v.

**Paul Raymond SCHNEIDER, Appellee.**

**BAP No. CC–91–1519–JVO.**
**Bankruptcy No. SA 88–00357 JR.**
**Adv. No. SA 90–0051 JR.**

United States Bankruptcy Appellate Panel of the Ninth Circuit.

Argued and Submitted Jan. 22, 1992.

Decided Sept. 23, 1992.

Sharilyn J. Hopson, Santa Ana, CA, for R. Neil Rodgers, Trustee.

William E. Krall, Jr., San Juan Capistrano, CA, for Paul Schneider.

Before JONES, VOLINN and OLLASON, Bankruptcy Judges.

## OPINION

JONES, Bankruptcy Judge:

## OVERVIEW

The trial court held that the defendant in this preference action gave "new value" by executing a vehicle certificate of title in return for payment for a vehicle that the defendant had given to the debtor to sell and which the debtor had sold to a third party. The trustee argues that the sale to the third party transferred title to the vehicle and cut off the rights of the defendant in the vehicle. Thus, the trustee asserts that the defendant's execution of the certificate of title did not constitute new

**1.** All dates refer to 1987 unless otherwise indicated.

value. We agree with the trustee and reverse.

## FACTUAL BACKGROUND

Debtor Laguna Beach Motors, Inc. ("LBM") was a retail auto seller. LBM obtained most of the vehicles it sold on an option basis from private parties.

On September 6, 1987,[1] Appellee Paul Schneider entered into a 30–day option agreement with LBM covering a 1985 BMW. The exercise price under the option agreement was $29,500. There were no liens on the car.

Schneider was advised by an employee of LBM that the car would be sold for at least $29,500, that LBM would contact him when the car was sold, and that Schneider would be paid the option price within 14 days of the sale. Schneider contacted LBM about the car several times and learned in October that it had been sold and turned over to the buyer. In late October, Schneider learned from the buyer, Henry Von Buren, that Von Buren had purchased the car on September 15[2] by trading in a Mercedes 450 SL and paying $14,500 in cash.

When Schneider confronted personnel at LBM, they agreed to pay him $10,000 "now" and the balance of $20,000 on or before November 16. LBM confirmed this agreement in a letter to Schneider dated November 10 which contained a check for $10,000. The check was dated November 16 and cleared LBM's account on November 20.

The second payment was not made by November 16 and Schneider and Von Buren confronted personnel at LBM on December 1. LBM gave Schneider a check for $21,500 and Schneider signed the certificate of title ("Certificate") for the BMW which was given to Von Buren. The latter check cleared LBM's bank account on December 2.

**2.** The wholesale report of sale filed by LBM with the Department of Motor Vehicles indicates that the sale occurred on September 12,

LBM filed a petition under Chapter 7 of the Bankruptcy Code[3] on January 20, 1988. The ninetieth (90th) day before the petition date was October 22, 1987. Thus, both of the payments by LBM to Schneider occurred within 90 days before LBM filed bankruptcy.

Trustee Neil Rodgers filed an adversary proceeding seeking to avoid the two payments to Schneider as preferential transfers under Bankruptcy Code § 547(b). Rodgers then filed a motion for summary judgment. After a hearing on that motion, the court granted summary judgment for Schneider. The basis for the court's ruling was that, by signing the title to the vehicle on December 1, Schneider had given new value and the payments he received were not preferences because of the "contemporaneous exchange for new value" exception provided by Bankruptcy Code § 547(c)(1).

After the court denied his motion for reconsideration, Rodgers timely filed this appeal.

### ISSUE

Whether the trial court correctly held that Schneider's execution of the Certificate constituted a contemporaneous exchange for new value under Bankruptcy Code § 547(c)(1).

### STANDARD OF REVIEW

We review orders granting summary judgment de novo. *In re Hyman*, 123 B.R. 342, 344 (9th Cir. BAP 1991).

### DISCUSSION

The parties do not appear to dispute that the elements of a preference under Bankruptcy Code § 547(b) are present in the case at bar.[4] The only real question is whether the payments to Schneider are excepted from being preferences by virtue of § 547(c)(1) which provides:

(c) The trustee may not avoid ... a transfer—

(1) to the extent the transfer was—

(A) intended by the debtor and the creditor ... to be a contemporaneous exchange for new value given to the debtor; and

(B) in fact a substantially contemporaneous exchange....

11 U.S.C. § 547(c)(1). "New value" is defined as:

money or money's worth in goods, services, or new credit, or release by a transferee of property previously transferred to such transferee in a transaction that is neither void nor voidable by the debtor or by the trustee under any applicable law,....

11 U.S.C. § 547(a)(2).

■ "The 'new value' defense is grounded in the principle that the transfer of new value to the debtor will offset the payments, and the debtor's estate will not be depleted to the detriment of other creditors." *In re Auto–Train Corp.*, 49 B.R. 605, 612 (D.D.C.1985), *aff'd sub nom. Drabkin v. A.I. Credit Corp.*, 800 F.2d 1153 (D.C.Cir.1986). The new value provided by the transferee creditor need not go directly to the debtor but may instead go to third party creditors if the benefit is to the debtor. *In re Bellanca Aircraft Corp.*, 850 F.2d 1275, 1280 (8th Cir.1988).

■ In the instant case, the court reasoned that Schneider's execution and delivery of the Certificate to Von Buren constituted new value because it relieved LBM of the obligation to provide clean title to Von Buren. This ruling is correct only if the Certificate had any value to Schneider. That is, only if Schneider could have used the Certificate to get the car back from Von Buren would it have any value to him or to the estate.

The trustee argues that under the California Vehicle Code, Cal.Veh.Code §§ 1–42270 (hereinafter "CVC"), Schneider was

---

not September 15, 1987. This discrepancy is not relevant to the instant appeal.

3. Unless otherwise indicated, all references to sections are to the Bankruptcy Code, 11 U.S.C. §§ 101–1330.

4. The appellant's brief reviews each element of a preference at length, but none of the elements seem to be in dispute.

already legally obligated to sign over the Certificate to Von Buren and could not have recovered the vehicle from Von Buren. Thus, the Certificate had no value to Schneider who merely had an unsecured claim against LBM and who was already obligated to turn over the title.

Schneider responds that the only way Von Buren could have gotten clear title to the vehicle was for him to sign the Certificate, something he was not obligated to do until he got paid. Thus, he asserts that, by signing the title, he provided new value to the estate because he relieved LBM of its obligation to provide Von Buren with clear title and because he gave up his right to repossess the vehicle.

CVC § 5600 provides that "No transfer of the title or any interest in or to a vehicle ... shall pass ... until ..." either (1) the transferee has endorsed and delivered to the transferee the certificate of title and the transferee has mailed the certificate to the department of motor vehicles, or (2) the transferor has mailed an appropriate application for transfer of the registration to the department. Cal.Veh.Code § 5600 (West 1987 & Supp.1992). The trial court relied upon this statute in determining that Schneider, by executing the Certificate, gave new value in return for the payments he received from LBM. We disagree.

Under California law, there is an exception to the apparently prophylactic rule imposed by CVC § 5600. This exception may be characterized as an "estoppel" exception. This exception appears to have originated in *Kenny v. Christianson*, 200 Cal. 419, 253 P. 715 (1927), where the plaintiff delivered her car to one Pat Patterson, a used car dealer, with instructions to sell it. Patterson sold the car to the defendant and absconded with the proceeds. The plaintiff sued the defendant to recover the car arguing, *inter alia,* that the defendant could not assert ownership because the car had not been registered to him. The court held that because the plaintiff had delivered the car to Patterson to sell and the defendant had purchased the car in good faith, the plaintiff could not rely on the vehicle regis-

tration statutes to recover the car. *Id.* 253 P. at 717.

The estoppel exception was further developed in *Security Pacific Nat. Bank v. Goodman*, 24 Cal.App.3d 131, 100 Cal.Rptr. 763 (1972), where the owner of a boat, Mr. Redinger, delivered the boat to a used boat dealer, Jeffries, to sell. Jeffries sold the boat, which was subject to a lien of plaintiff Security Pacific, to Goodman who took possession of the boat. Jeffries failed to pay Security Pacific which then sought to recover the boat.

Because the motor vehicle and boat registration statutes contain "substantially the same" language regarding transfers of title, the *Goodman* court looked to motor vehicle cases to guide its decision. 24 Cal. App.3d at 136, 100 Cal.Rptr. at 767. Analyzing the transactions between Redinger, Jeffries and Goodman, the court stated:

> It has long been established that a transfer of the property interest in a motor vehicle is effective as between the immediate parties even though they have not complied with the registration statute. [citation omitted] Under the principle established by this line of cases, the agreement between Redinger and Jeffries, followed by the delivery of the boat to Jeffries, effectively transferred Redinger's right of possession to Jeffries. This transaction did not cut off the security interest of the bank, ... but it did transfer Redinger's possessory interest to Jeffries despite noncompliance with the registration statute.

24 Cal.App.3d at 136, 100 Cal.Rptr. at 767.

The court further noted that under Uniform Commercial Code § 2–403, "Jeffries had power to transfer all of Redinger's rights to [Goodman]. Since Jeffries placed no limitations upon the sale to [Goodman], it follows that the transaction gave [Goodman] 'all rights' of Redinger." 24 Cal. App.3d at 137, 100 Cal.Rptr. at 767. The court concluded that "[t]he Vehicle Code does not aid a seller of a motor vehicle or boat to recover it back simply by showing that the registration statute has not been complied with." 24 Cal.App.3d at 137, 100 Cal.Rptr. at 768.

■ The crux of the estoppel exception to Cal.Veh.Code § 5600 is that a party who delivers a vehicle to a merchant to sell gives the merchant the apparent authority to sell the vehicle. That person is then estopped from later claiming that the merchant did not have authority, or had only limited authority, to sell the vehicle when a good faith purchaser buys the vehicle from the merchant in the ordinary course of business. As noted by the *Goodman* court:

> [T]he significant feature of the *Kenny* case, and the others like it, is that the language of the registration statute has not been given a literal application to allow a seller to set aside a sale which he authorized and intended to make.... It is not the purpose of the registration statute to give the former owner a basis for recovering the property after the dealer has resold it for value. A purpose underlying [U.C.C.] section 2403 is to protect the merchantability of goods in the possession of a dealer. That policy is perfectly consistent with the vehicle registration statutes as they have been construed in the courts of this state and as applied to the facts of this case.

24 Cal.App.3d at 138, 100 Cal.Rptr. at 768.

We turn now to the facts of the instant case. Schneider, under California law, would not have been able to recover the car from Von Buren on the ground that he (Schneider) had not executed the Certificate. Indeed, Von Buren could undoubtedly have filed suit to compel Schneider to execute and deliver the Certificate regardless of whether Schneider had been paid by LBM. Under these circumstances, Schneider's execution of the Certificate should not be construed as constituting new value under Bankruptcy Code § 547(c)(1).

■ Schneider also argues that his retention of the Certificate constituted a lien on the vehicle and his release of the lien constituted new value. This argument, however, was rejected in *English v. Ralph Williams Ford,* 17 Cal.App.3d 1038, 95 Cal. Rptr. 501 (1971), where a vehicle was entrusted to a used car dealer by a new car dealer. When a draft for payment of the car was dishonored, the new car dealer sought to take title to the vehicle in its own name. The court held that the used car's dealer's sale of the vehicle in the ordinary course of dealing cut off any security interest the new car dealer had in the car. 17 Cal.App.3d at 1046–1049, 95 Cal.Rptr. at 506–509. Thus, Schneider's execution of the Certificate cannot be viewed as "new value" in the form of releasing a lien.

## CONCLUSION

We hold that Schneider's execution and delivery of the Certificate to Von Buren did not constitute new value as defined in § 547(a)(2) and that the preference defense of § 547(c)(1) is not applicable to these facts. Accordingly, we REVERSE the grant of summary judgment.