**GOVERNMENT OF THE VIRGIN ISLANDS, Plaintiff**

**v.**

**DAVID COVER, Defendant**

Traffic No. 1230/1979

Territorial Court of the Virgin Islands

Div. of St. Croix

June 13, 1979

---

RICHARD KEELING, ESQ., Assistant Attorney General, Christiansted, St. Croix, V.I., *for plaintiff*

BRITAIN H. BRYANT, ESQ., Christiansted, St. Croix, V.I., *for defendant*

JOSEPH, *Judge*

### MEMORANDUM OPINION

I. *The Proceedings Thus Far*

The defendant in this action was charged on January 29, 1979, with operation of an uninsured motor vehicle. After pleading guilty, he has moved the court to

modify the sentence and seeks relief under our law authorizing probation without conviction, or in the alternative, under our law authorizing pretrial diversion. For the reasons stated below, his motion must be denied.

The defendant pled guilty to the charge against him, though fully informed of the consequences of such a plea. At the start of court on March 12, 1979, the date on which defendant appeared and pled, the court stated the following in its opening remarks:

THE COURT: Another matter that has caused a lot of problems: If you plead guilty to driving without insurance, the conviction carries with it an automatic penalty of six months suspension of driving privileges; that means that if you plead guilty or you are found guilty of driving without insurance, you lose your driver's license for six months. Now from time to time, it has been my experience that when this happens, people continually come back and ask if they can receive a lighter penalty; that is not possible. The only person who can moderate this penalty is the Governor of the Virgin Islands. We can do nothing here about it; that is what the law requires and that is the sentence that we pronounce.

You have a right to appeal, if you disagree with the decision of the court, and if you wish to appeal, you must inform the court right away.

When this defendant's case was called, the following colloquy ensued:

THE CLERK: How do you plead, guilty or not guilty?

MR. COVER: Guilty.

THE CLERK: Guilty. You understand the law does not permit any exception.

MR. COVER: I understand, your Honor.

THE COURT: Your license to drive is suspended for a period of six months.

MR. COVER: Could I ask the court for a week's delay in execution of sentence, inasmuch as I have been driving in the Virgin Islands for approximately eight years without incident and also that I'd like to seek opportunity of appeal.

THE COURT: Of appeal? Listen, you have a right to appeal, but as I understand it, you pleaded guilty.

MR. COVER: That's true.

THE COURT: If you appeal, what is there to appeal? If you plead guilty, what is there to appeal?

MR. COVER: Your Honor, you suggested that the law only allows suspension of sentence by appeal.

THE COURT: No. You misunderstood me. I said the only person that can help you, that can change that is the Governor of the Virgin Islands.

MR. COVER: Precisely.

THE COURT: And he can do that by granting you a pardon. He has the power to pardon for any offense committed under the laws of the Virgin Islands. So I can't stop you from filing an appeal, if you wish, but I would say that I don't see, if you plead guilty and you were told ahead of time what the penalty would be, and you persisted in that plea, that you have anything to appeal about, but if you want to appeal, all you have to do is file a notice of appeal. However, I don't see why I should stay the sentence. If you want, you can go up to the District Court and ask them to stay the sentence in the District Court. Do you understand?

MR. COVER: Yes, your Honor. I understand.

THE COURT: But I cannot do that. I would stay the sentence if there were a probable ground for the appeal, but your appeal—as you call it—to the District Court is, I would term it to be frivolous.

MR. COVER: The appeal was predicated upon what you said about pardon through the Governor's office. It was not—there is a little misunderstanding here. I am not appealing the sentence. I admit I'm guilty.

THE COURT: You want to petition the Governor for a pardon?

MR. COVER: Yes.

THE COURT: What you have to do is petition the Governor. You go ahead and petition the Governor to pardon you, but I cannot stay the sentence.

As the record clearly shows, the defendant gave his plea, after having been fully informed of the consequences of

that plea and after having been informed of the only method by which his conviction could be lifted.

II. *Applicability of the Pretrial Diversion Program*

Application of the Virgin Islands Pretrial Diversion Program[1] is inappropriate, first of all, to the offense charged here, and secondly, to the present posture of the case.

One who is eligible for pretrial diversion must be charged with an offense "for which a term of incarceration may be imposed."[2]

■ This defendant is charged as a first offender under the V.I. compulsory insurance law and, as such, is subject only to a fine of $50.00 to $200.00 and forfeiture of his right to drive for a period of 6 months. Only where a defendant has been previously convicted of the same offense may he, on a subsequent conviction, be subject to imprisonment. This defendant was not an eligible individual as defined by the statute.

Secondly, even if defendant had faced a prison term if convicted of the offense, therefore being eligible for the program, the time to request consideration would have been while the charges were pending.

■ The diversion program is a *pretrial alternative* to conviction and sentencing.[3] It provides for continuation of the charge against the individual, without disposition, until the committing officer dismisses the charge on recommendation of the program director.[4] Once a plea is offered and a conviction is entered, the diversion program is inapplicable.

---

[1] Title 5 V.I.C. §§ 4611–4619.
[2] Title 5 V.I.C. § 4612.
[3] Title 5 V.I.C. § 4611.
[4] Title 5 V.I.C. § 4617.

III. *Applicability of Probation Without Conviction*

Title 5 V.I.C. § 3711 does in fact allow a Virgin Islands court, upon entering a conviction of any offense, to "suspend the imposition or execution of sentence and place the defendant on probation for such period and upon such terms and conditions as the court deems best."

■ Defendant argues in his motion that the concept of probation without conviction has been applied in cases involving offenses more serious than his own. That may be the case; however, this provision provides that the court *may* suspend the conviction and order probation "when satisfied that the ends of justice and the best interest of the public as well as the defendant will be served thereby." In other words, the court is allowed wide discretion based on a weighing of all interests concerned.

It is the view of this court that effective enforcement of the Virgin Islands compulsory insurance law admits of no exceptions. As was said in Nationwide Mutual Insurance Co. v. Roberts, 261 N.C. 285, 134 S.E.2d 654, 549 (1964):

The primary purpose of compulsory motor vehicle liability insurance is to compensate innocent victims who have been injured by the negligence of financially irresponsible motorists.

See also Jones v. State Farm Mutual, 270 N.C. 454, 155 S.E.2d 118 (1967).

■ Because this is a law which affects a large segment of the population—practically all adults as drivers, and the entire population as potential victims—it must be applied evenhandedly. Everyone who loses the privilege of driving under the insurance statute suffers great inconvenience, but such is the penalty chosen by the legislature and it must be adhered to. The interests of the Government and the people of the Virgin Islands who might be injured in an automobile accident far outweigh those of an individual

who violates the statute, and is thereby inconvenienced. Like all others against whom this penalty has been exacted, defendant must either petition the Governor for a pardon, or find other means of transportation during the period of suspension.

The motion will be DENIED.

### ORDER

This cause came on for hearing on March 26, 1979, on defendant's Motion for Reconsideration and for relief under 5 V.I.C. §§ 4611–4619 or § 3711; defendant appeared through his counsel, Britain H. Bryant, Esq., and the Government appeared by Assistant Attorney General, Richard Keeling, Esq. The premises considered, and in accordance with the Memorandum Opinion entered herein, it is hereby

ORDERED that defendant's Motion be and the same is hereby DENIED.