# RUTHMILA C. KRIND, Plaintiff
## v.
# CARL BARLOW and DON BIGSPRING, Defendants

Case No. SC. 66/02

Territorial Court for the Virgin Islands

Division of St. Croix

June 24, 2002

RUTHMILA C. KRIND, Christiansted, St. Croix, U.S. Virgin Islands, *Pro Se*

DON BIGSPRING, Christiansted, St. Croix, U.S. Virgin Islands, *Pro Se*

ROSS, *Judge*

## MEMORANDUM OPINION AND ORDER

(June 24, 2002)

THIS MATTER comes before the Court on Plaintiff's Action for Damages and Defendant Don Bigspring's Motion to Dismiss for failure to state a claim.

### I. FACTS

On January 3, 2002, Plaintiff and Defendant Barlow were traveling in opposite directions on Rattan Road when Defendant Barlow crossed the center line of the road forcing Plaintiff's vehicle off the road. He then hit Plaintiff's vehicle on the passenger side causing damage totaling $2,376.20. Defendant Barlow was issued five citations: Negligent Driving by failure to stay as far left as practicable (#452784), Operating an Uninsured Motor Vehicle (#452786), Operating an Unregistered Motor Vehicle (#452785), Operating a Motor Vehicle without a Driver's License (#452787) and Failure to Transfer Ownership (#452788). According to the records of the Bureau of Motor Vehicles of the V.I. Police Department, the vehicle driven by Defendant Barlow, a 1988 Suzuki Samurai, C-620, VIN JSUJC51414278442, was registered to Defendant Bigspring at the time of the accident.

Plaintiff brought an Action for Damages against the driver, Defendant Carl Barlow, and the registered owner of the vehicle, Defendant Don Bigspring. Defendant Bigspring asks this Court to Dismiss Plaintiff's claim against him, alleging that he sold the vehicle in question to Defendant Barlow, and thus bears no liability for Plaintiff's damages.

## II. LIABLITY FOR FAILURE TO REGISTER THE CHANGE OF OWNERSHIP

The motor vehicle registration laws of the U.S. Virgin Islands require that the owner's name and address appear on the registration certificate of a vehicle. 20 V.I.C. § 332(b)(3). When an owner sells his vehicle to another, 20 V.I.C. § 335 requires the seller to register the change of ownership with the Police Commissioner. The issue before this Court is whether the registered owner of an automobile is liable for damages caused by the negligent operation of that automobile if he fails to register a transfer of the automobile's ownership with the Police Commissioner, as required by 20 V.I.C. § 335.

The facts and issues presented in the case *sub judice* are similar to those in *Rivera v. National Car Rental System*, Inc. 14 V.I. 481 (D.C.V.I. 1977). In that case, National Car Rental Systems sold a car to Rivera and failed to register the change in ownership with the Commissioner of Public Safety as required by 20 V.I.C. § 335.[1] Consequently, the vehicle was still registered to National when Rivera negligently caused an accident while driving it. The District Court held that under the statute in question, it was incumbent upon the transferor to register the change in ownership with the Police Commissioner, and National's failure to do so made it liable to the third party for damages sustained by Rivera's negligent operation of the vehicle.

The *Rivera* court reached this conclusion by analyzing the legal effect of both 11A V.I.C. § 2-401 and 20 V.I.C. § 335. The Uniform Commercial Code, as codified at Title 11A of the Virgin Islands Code, determines the transfer of title to goods generally. *Rivera* at 483-484. 11A V.I.C. § 2-401 provides in pertinent part that:

---

[1] In 1984, Act 4964 substituted "Police Commissioner" for "Commissioner of Public Safety" 20 V.I.C. § 335.

Unless otherwise explicitly agreed title passes to the buyer at the time and place at which the seller completes his performance with reference to the physical delivery of the goods, despite any reservation of a security interest and event though a document of title is to be delivered at a different time or place ... *Id.* at 484.

When determining ownership of personal property for purposes of insurance coverage, a court should consider the law of sales, U.C.C. § 2-401 in particular. *Id.* This is not the case with automobile sales where there is special legislation governing the transfer and operation of motor vehicles. *Id.* However, unless such legislation declares that non-compliance with its provisions makes the transfer void, title to the vehicle passes to buyer upon delivery pursuant to 11A V.I.C. § 2-401. *Id.* Therefore, the *Rivera* court found it necessary to examine 20 V.I.C. § 335 "in order to determine whether it penalizes non-compliance with its provisions with avoidance of the transfer." *Id.*

In 1977, when the *Rivera* case was decided, 20 V.I.C. § 335 provided that

if ownership of a motor vehicle is changed, such change shall be registered by the vendor with the Commissioner of Public Safety, and endorsed on the registration license. The operation 'of any motor vehicle before such registration of change of ownership has been made shall immediately make void the license theretofore issued, and *the property shall be considered as remaining in the vendor. Id.* (Emphasis added)

 The court concluded that 20 V.I.C. § 335 does not regulate the transfer of ownership as between the parties, but it does require that once an ownership change occurs, the seller must register the change before the buyer is allowed to operate the vehicle on the public highways. *Id.* at 485. Any operation of the vehicle prior to the registration of the changed ownership voids the license and the property "shall be considered as remaining in the vendor." *Id.* quoting *Ivanyi v. Osborne,* 7 V.I. 177 (Mun. Ct. 1969). Because of this language, the District Court states that "section 335 is more like those mandatory statutes which courts hold must be fully complied with before a seller is released from liability, rather than those enactments which are considered mere police regulations, not affecting the transfer of title." *Id.* The court further

reasons that "since § 335 is mandatory and specifically places ownership in the vendor where there is noncompliance with its provisions, this section, rather than U.C.C. § 2-401 governs the determination of ownership for purposes of deciding liability of the owner in a personal injury action, resulting from the operation of the vehicle." *Id.*

In 1984 the Legislature amended 20 V.I.C. § 335(a) to provide in pertinent part that

> If the ownership of a motor vehicle is transferred, the transferor of such motor vehicle shall, within 24 hours of such transfer, notify the Police Commissioner of such transfer ... Upon receipt of such notice, the Commissioner shall note such transfer of ownership on the registration license of the transferor, shall cancel such registration license by marking the word "cancelled" across the face thereof, and shall void the license plates issued with such registration license subject to the provisions of section 332 of this chapter; provided, however, that such cancellation and voiding shall not be effective until forty-eight (48) hours after the Commissioner has received such notice of transfer. The motor vehicle so transferred may be operated during such forty-eight (48) hour time period; provided, however, that such motor vehicle has applied for and received a registration license and license plates for such motor vehicle pursuant to the provisions of section 332 of this chapter.

When the legislature amended § 335, it took out the language on which the *Rivera* court based its holding that the registered owner of a vehicle, having sold that vehicle without officially registering the change of ownership, is liable to a third party in a personal injury action involving that vehicle. Consequently, applying the District Court's analysis, § 335 no longer declares that non-compliance with its provisions makes the transfer void for liability purposes, since it no longer requires that a seller fully comply with the statute before he is released from liability. Since § 335 is no longer mandatory, and title to the vehicle in question is transferred according to 11A V.I.C. § 2-401, that section now governs the determination of ownership of a vehicle for the purposes of deciding liability of the owner in a personal injury action which resulted from the operation of the vehicle. Defendant Bigspring sold the vehicle in question to Defendant Barlow on December 21, 2001. On January 3, 2002, Defendant Barlow was in possession of the vehicle. Therefore,

under 11A V.I.C. § 2-401, Defendant Bigspring had fulfilled his obligation respecting the physical delivery of the goods to buyer by the date of the accident. Because title to the vehicle passed to Defendant Barlow at the time and place physical delivery was completed, Defendant Barlow is deemed the owner of the vehicle for purposes of liability in a personal injury action resulting from his negligent operation of that vehicle.

## III. LIABILITY FOR VIOLATING COMPULSORY AUTOMOBILE LIABILITY INSURANCE LAWS

■ ■ One important difference between *Rivera* and the case *sub judice* is that neither defendant maintained automobile liability insurance, as required by 20 V.I.C. § 701 and 20 V.I.C. § 331.[1] In 1999 the Virgin Islands Legislature revived the territory's compulsory automobile liability insurance laws. *See generally* Title 20 V.I.C. Chapter 47.[2] The primary purpose of compulsory motor vehicle liability insurance laws is to compensate innocent victims who have been injured by the negligence of financially irresponsible motorists. *Government of the Virgin Islands v. Cover*, 16 V.I. 321, 326 (Terr. Ct. 1979). To that end, the Virgin Islands Legislature imposed penalties on "any owner or registrant of a motor vehicle registered in this territory who operates or causes to be operated, a motor vehicle upon any public road or highway in this territory without motor vehicle liability insurance coverage required" and "any other who operates or caused a motor vehicle to be operated and who knows or should know from the attendant circumstances that the motor vehicle is without motor vehicle liability

---

[1] 20 V.I.C. § 331 provides, in pertinent part: "no motor vehicle ... shall be operated upon the public highways of the Virgin Islands unless—(1) it has been registered by the Police Commissioner; (2) a registration license has been issued therefore; and (3) it is equipped with license plates as required by this chapter.

20 V.I.C. § 701 provides, in pertinent part: "No motor vehicle shall be registered except upon the filing by the owner of the vehicle with the Police Commissioner proof of coverage by a satisfactory "owner's" policy of liability insurance ..."

[2] Chapter 47 was repealed by Act Nov. 2, 1985, No. 5107, § 4, Sess. L. 1985, p. 155. Pursuant to Act Aug. 17, 1999, No. 6287, § 24, Sess L. 1999, p. 49, Act No. 5107 was repealed and Chapter 47 was revived and reenacted.

insurance coverage" 20 V.I.C. § 712.[3] This law, along with 20 V.I.C. § 335, regulates the operation of motor vehicles on the public highways of the territory, and therefore is properly considered when determining liability for damages resulting from a lack of compliance. The *Rivera* analysis of determining ownership for liability purposes is irrelevant to 20 V.I.C. § 712, because under that section, owners and registrants are equally liable. The language of § 712 clearly shows a legislative intent to penalize both owners and registrants who allow motor vehicles to operate on the public roads and highways of the territory without motor vehicle liability insurance. Therefore, when uninsured vehicles cause damage to a third party while being operated illegally on the public roads and highways of the territory, both registrants and owners are liable to that third party for the resulting damages. To hold otherwise would undermine the public policy concerns that led the Legislature to revive the compulsory automobile liability insurance laws of the Virgin Islands. In order for the prior owner of a vehicle to avoid liability for damages caused by negligent operation of that vehicle, he must follow the requirements of 20 V.I.C. § 335 and register the change of ownership with the Police Commissioner. Until he does so, liability remains in the prior owner, since he is officially registered with the Police Commissioner as the owner of the vehicle. In this case, Defendant Bigspring did not register the transfer of his vehicle to Defendant Barlow with the Police Commissioner. Therefore, this Court finds that Defendant Bigspring, as the registered owner of the vehicle driven by Defendant Barlow, VIN # JSUJC51414278442, is liable for damages to Plaintiffs automobile. Accordingly, the premises considered, it is hereby

ORDERED that Defendant Bigspring's Motion to Dismiss is DENIED.

---

[3] Violation of 20 V.I.C. § 712 subjects a first time offender to a fine not less than $250.00, nor more than $500.00.